**THE LAW OFFICE OF FAHAD SHARIF, PC**
FAHAD SHARIF, ESQ. (SBN# 322563)
*fshariflaw@gmail.com*
ROGER L. WILKERSON, III, ESQ. (SBN #327889)
*roger@lawrriorinc.com*
18960 Ventura Blvd #440
Tarzana, CA 91356
Telephone:  (310) 361-5614
Facsimile:   (310) 362-0434

Attorneys for Plaintiff, JOHN EVANS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **JOHN EVANS,** an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>**NBCUNIVERSAL MEDIA, LLC**, a corporation**; UNIVERSAL PICTURES dba UNIVERSAL CITY STUDIOS, LLC**, a corporation;  **JERRY SEINFELD**, an individual; **STACEY SNIDER**, an individual, and DOES, 1 to 10, inclusive,<br><br>Defendants. | Case Number:<br><br>**COMPLAINT FOR:**<br><br>1. **Copyright Infringement**<br>2. **Unfair Competition**<br>3. **Intentional Infliction of Emotional Distress**<br>4. **Negligent Infliction of Emotional Distress**<br><br>**REQUEST FOR JURY TRIAL**<br><br>**Trial Date:**<br><br><br>DATE:   February 2, 2021<br>TIME:    8:30 a.m.<br>DEPT: |

Plaintiff John Evans, by and through his attorneys of record, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. The court has original subject matter jurisdiction of this action under 17 U.S.C. § 501, et seq., and 28 U.S.C. § 1367. Additionally, the court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has supplemental jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where defendant has committed acts of copyright infringement and had a regular and established place of business.

## THE PARTIES

4. Plaintiff JOHN EVANS ("Plaintiff") is a screenplay writer and resident of Los Angeles, California that does substantial business in Los Angeles, California.

5. Defendant NBCUNIVERSAL MEDIA, LLC, UNIVERSAL PICTURES, DREAMWORKS ANIMATION, LLC ("DreamWorks") are all divisions of and wholly-owned subsidiaries of Universal City Studios LLC (collectively herein "Defendant" or "NBCUniversal").

6. NBCUniversal is, on information and belief, a media conglomerate anchored by its broadcast network NBC, with more than 200 affiliate stations and its film division, Universal Studios is a Delaware corporation, with a place of business at 100 Universal City Plaza, Universal City, CA 91608. Comcast, one of the top US cable systems operators, is a Delaware corporation that owns NBCUniversal.

1    7.  Defendant STACEY SNIDER (herein "Ms. Snider") was, on information and belief, Co-Chairman of Universal Pictures from 1999 to 2006. Ms. Snider then became Co-Chairman/CEO of DreamWorks from 2006 to 2014. DreamWorks, in 2007, released the infringing animated film BEE Movie (herein "Infringing Film").

8.  Defendant JERRY SEINFELD (herein "Mr. Seinfeld") is, on information and belief, credited as the main actor and writer who worked in conjunction with DreamWorks to develop the Infringing Film.

9.  NBCUniversal, a division of Comcast Corporation (hereinafter "CMCSA"), on information and belief in 2016, announced it completed its acquisition of DreamWorks Animation SKG Inc. The studio DreamWorks is now a part of the Universal Filmed Entertainment Group.

10.  The true names and capacities of the defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff is informed and believes, an thereon alleges, that each of the defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE defendants have been ascertained. NBCUniversal, Ms. Snider, Mr. Seinfeld, and DOES 1 - 10 are hereinafter collectively referred to as "Defendants."

11. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom. Plaintiff is informed and believes, and on that basis alleges, that NBCUniversal, Ms. Snider, Mr. Seinfeld, and DOES 1 - 10 have acted in concert and participation with each other concerning the claims in this Complaint. Plaintiff is informed and believes, and on that basis alleges, that each of NBCUniversal, Ms. Snider, Mr. Seinfeld, and DOES 1 - 10 were empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been

1  done by each of them were authorized, approved and/or ratified by each of them.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of original animated screenplay work entitled "Bee Movie", including the alternate title "The Bee Movie(Attached hereto as **Exhibit "1"** [United States Copyright Office Certificate of Registration for the Animated Screenplay Bee Movie, Reg# PAU2-399-668], herein referred to as "Bee Movie Copyright") which is the subject of this action throughout the United States and in perpetuity.

13. Plaintiff JOHN EVANS has been writing screenplays for more than two decades, and his work has been submitted to several studios in Los Angeles.

14. Upon information and belief, Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed protected work or derivatives of Plaintiff's protected work without his consent. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C.§§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of his work, to create derivative works, and to publicly display his work.

15. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted work. Defendants have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of Plaintiff's Bee Movie Copyright. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted work.

# FIRST CLAIM FOR RELIEF

## Copyright Infringement – 17 U.S.C. §§ 106, et seq.

### (Direct, Contributory, Vicarious)

### (Against All Defendants)

16. Plaintiff repeats and realleges the averments contained in paragraphs 1-15 as though fully set forth herein.

17. Plaintiff is the sole owner of the copyright in an original work that is fixed in tangible media of expression.

18. On April 14, 1999, then fifty-two (52) year old author and screenplay-writer, Mr. Evans, received a Certificate of Registration from the United States Copyright Office for the original animated screenplay work entitled "Bee Movie", including the alternate title "The Bee Movie". (Attached hereto as **Exhibit "1"** [United States Copyright Office Certificate of Registration for the Animated Screenplay Bee Movie, Reg# PAU2-399-668], herein referred to as "Bee Movie Copyright"). This was one of several literary works Mr. Evans had written at the time, but the first animated screenplay.

19. As an entrepreneur, Plaintiff manages each and every element of his writing business. He does all of the development, writing, and creation himself, with each being the sole product of his own creativity and hard work.

20. Knowing this original work was uniquely precious, Mr. Evans took the additional step of placing an original copy of his script into a sealed United States Post Service ("USPS") envelope, sealing that envelope with the intent of never opening it again unless to prove authenticity, sending the sealed envelope via USPS certified mail, post-marked 29, 1999, to date his intellectual property, thereby helping to establish that the screenplay was and has been in his possession since that date. (Attached hereto as **Exhibit "2"** [John Evan's Poor-man's Copyright for "Bee Movie Copyright"]).

21. Plaintiff then began the process of submitting his script for "Bee Movie" to numerous studios.

1  22. From approximately 1999 to 2006, Stacey Snider was the Co-Chairman of
2  Universal Pictures. Luella Stoker, an in-law to Mr. Evans at the time, worked as a house-
3  keeper for Ms. Snider for the duration of 1999As a favor to her house-keeper, Ms. Snider
4  agreed to read and review Mr. Evans' original animated screenplay "Bee Movie."
5  23. On August 30, 1999, Mr. Evans received a detailed letter, evaluation and denial of
6  further pursuance, from Stacey Snider, the then Co-Chairman of Universal Pictures,
7  regarding the "Bee Movie" screenplay. (Attached hereto as **Exhibit "3"** [ Universal Pictures
8  Rejection Letter for the Animated Screenplay BEE Movie from Stacey Snider] , herein
9  referred to as "Rejection Letter"). In the Rejection Letter, Defendant Snider clearly states:
10  "Thank you for submitting BEE MOVIE.
11  It's a humorous and entertaining story, and contained many delightful moments.
12  Although it is not something the studio would like to pursue at this time, I would like
13  to offer one of our story analyst's comments if you are interested in doing more work
14  on your script…"
15  24. In approximately 2005 – 2006, Defendant Snider left her role as Co-chairman of
16  Universal Pictures in exchange for a position as Co-chairman and CEO of DreamWorks.
17  25. On November 1, 2007, as Co-chairman and CEO of DreamWorks, Ms. Snider
18  released the infringing animated film title "Bee Movie" internationally, and on November
19  2, 2007, released the infringing film in the United States. The writer credits of the infringing
20  film list a number of Hollywood's most famous and recognizable names, including but not
21  limited to, Jerry Seinfeld, Spike Feresten, and Barry Marder. Noticeably, not credited is Mr.
22  Evans. Development notes of the project state the clearly false claim that the film is "Based
23  on an original idea by Jerry Seinfeld." (Attached hereto as **Exhibit "4"** [Studio System Film
24  Information Sheet - Bee Movie (2007)]).
25  26. On August 22,2016, NBCUniversal, a division of Comcast Corporation (hereinafter
26  "CMCSA"), announced it completed its acquisition of DreamWorks Animation SKG Inc.
27  (Ex. 4). The studio DreamWorks is now a part of the Universal Filmed Entertainment
28  Group.

27. Universal Filmed Entertainment Group is now a division of NBCUniversal, which is now a division of Comcast Corporation.

28. Currently, via multiple platforms such as Amazon, Netflix, and Microsoft X-box Movies Downloads, the infringing film entitled "Bee Movie" is still available for streaming and downloading. Collectively, DreamWorks, Stacey Snider, Jerry Seinfeld, Universal Filmed Entertainment Group, and the other potential Defendants are availing this infringing film without Mr. Evans' permission, for their own exploitation and profit.

29. Domestically, the infringing film grossed roughly $126,597,121 dollars. Worldwide cumulative total earnings for the infringing film are $281,797,121 dollars.

30. On November 1, 2007, Mr. Evans became aware of the animated film released by DreamWorks.

31. The Defendants' infringing film copied numerous copyrightable elements of Plaintiff's work precisely, including but not limited to the title and medium of the screenplay, dialogue, structure, themes, choices of shots, camera, angles, colors, lighting, textual descriptors, and other artistic and expressive elements of Plaintiff's work. In utter shock and disbelief that such a major company would infringe upon his intellectual property

32. In an attempt to remedy this obvious infringement, Mr. Evans attempted to contact DreamWorks and Universal Filmed Entertainment Group via written communications, and sought legal counsel, but to no avail.

33. The Defendant's infringing film thus plagiarizes copyrightable elements of Plaintiff's proprietary work, and is either a copy thereof or a derivative work prepared therefrom.

34. The copyright protection his work enjoys should have deterred would-be thieves from copying and profiting from his work without his permission. In this case, copyright protection for Bee Movie did nothing to deter Defendants from copying Plaintiff's work and using it, without permission, for their own profit.

35. Defendants' wrongful actions caused Plaintiff severe distress. The experience detracted from Plaintiff's experience of sharing his work both

psychologically and economically. Because of Defendants' wrongful acts, Plaintiff had to focus all of his efforts on dealing with his work being taken, copied, and used without his permission. The stress of watching his life's work being stolen from him, then produced in an international capacity, and the success of which then being attributed to one of the most popular actor-comedians, Co-Defendant Seinfeld, in modern history - led to significant mental anguish and distress that resulted in a collapse of Plaintiff's overall health as well as his personal finances.

### SECOND CLAIM FOR RELIEF
### Unfair Competition
### (Cal. Bus. & Prof. Code §§ 17200, et seq. and common law)
### (Against All Defendants)

36. Plaintiff repeats and realleges the averments contained in paragraphs 1-35 as though fully set forth herein.

37. Section 17200 of the California Business and Professions Code prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice . . . ." By engaging in the alleged conduct, Defendants have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of Sections 17200, et seq., and California common law. This conduct includes Defendants' unauthorized use of Plaintiff's copyrighted work (1) in promotions for the infringing film and (2) in postings on social media to increase their goodwill and brand power.

38. As an actual and proximate result of Defendants' unfair competition, Defendants have unjustly enriched themselves by, among other things, obtaining profits, depriving Plaintiff of the compensation to which he is rightly entitled, and taking credit for Plaintiff's original work. Plaintiff is thus entitled to restitution of such sums of $300,000,000.00, or in an amount to be proved at trial.

# THIRD CLAIM FOR RELIEF

## Intentional Infliction Of Emotional Distress

### (CACI §§ 1602-1604, et seq. and common law)

### (Against All Defendants)

**39.** PLAINTIFF re-alleges each and every allegation contained in the above paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

**40.** When DEFENDANTS, and each of them acted and/or failed to act toward PLAINTIFF as alleged within this complaint, DEFENDANTS knew and/or intended that PLAINTIFF would suffer extreme emotional distress and harm as a result of such acts or failures to act by DEFENDANTS.

**41.** As a direct and consequential result of such actions, or failures to act by DEFENDANTS, and each of them, PLAINTIFF suffered extreme emotional distress to his person as a result of shock to her nervous system and direct physical injury to his person.  Such harm includes, but is not limited to, pain, anxiety, humiliation, anger, shame, embarrassment, frustration, and fear.  PLAINTIFF alleges that DEFENDANTS, and each of them, are liable for such harm suffered by her.

**42.** PLAINTIFF has suffered general and special damages as a direct and consequential result of this harm inflicted by DEFENDANTS.  Such damages shall be proved more fully at trial.

**43.** Because the above described conduct, words and actions, among others were spoken or carried out and/or ratified by DEFENDANTS' managerial agents in whom PLAINTIFF placed his justified good faith trust, and because said DEFENDANTS acted in a deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to injure and damage the PLAINTIFF and/or with callous disregard for PLAINTIFF's rights, he seeks the assessment of punitive damages against DEFENDANTS, and each of them, in an amount deemed proper by this court.

# FOURTH CLAIM FOR RELIEF

## Negligent Infliction Of Emotional Distress

(CACI §§ 1620, et seq. and common law)

(Against All Defendants)

**44.** PLAINTIFF re-alleges each and every allegation contained in the above paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

**45.** DEFENDANTS owed a duty to PLAINTIFF not to intentionally attack or infringe his rights because the physical assault and battery mentioned herein occurred, DEFENDANTS breached there duty of care, and thus, acted negligently.

**46.** As a result of DEFENDANTS' negligence, PLAINTIFF suffered serious emotional distress.

**47.** At all relevant times herein, DEFENDANTS acted so negligently, carelessly, wrongfully, recklessly, and tortuously towards PLAINTIFF, so as to be a substantial factor and legal cause of the injuries and damages alleged in the complaint.

**48.** As a direct and legal result of DEFENDANTS' negligence, PLAINTIFF suffered injuries including, but not limited to, physical injuries, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

49. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

   (a) infringing, or contributing to or participating in the

1 infringement by others of the copyright infringement of Bee Movie or acting
2 in concert with, aiding and abetting others to infringe said copyright in any way;
3     (b) copying, duplicating, selling, licensing, displaying,
4 distributing, or otherwise using without authorization copies of the Bee Movie or infringing
5 film to which Plaintiff is owner of exclusive rights under the respective
6 copyrights or derivative works based thereon;

50. That Defendants be required to account for and pay over Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

51. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

52. For an award of attorneys' fees pursuant to 17 U.S.C. § 505;

53. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

54. For a jury trial restitution of such sums of $300,000,000.00, or in an amount to be proved at trial.; and

55. For such other and further relief as the Court deems just and proper.

Dated: February 2, 2021      THE LAW OFFICE OF FAHAD SHARIF, PC

By: ___*Roger L. Wilkerson*___

    Roger L. Wilkerson, Esq.
    Fahad Sharif, Esq.
    Attorneys for Plaintiff,
    JOHN EVANS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 18960 Ventura Blvd. Ste. #440, Tarzana, California 91356.

On February 2, 2021, I served the within document(s) described as:

**JOHN EVANS'S CIVIL CASE COVERSHEET; AND COMPLAINT FOR JURY TRIAL**

on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ (BY FAX) By transmitting a true copy of the foregoing document(s) via facsimile transmission from this Firm's sending facsimile machine, whose telephone number is (323) 457-2120, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list.  Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this Firm's sending facsimile machine.  Each such transmission was reported as complete and without error and a transmission report was properly issued by this Firm's sending facsimile machine for each interested party served.  A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be Served to all Party/Parties through electronic means at the electronic addresses as set forth on the attached service list. Upon completion of transmission of said document(s), I did not receive an "undeliverable" receipt.

☐ (BY PERSONAL SERVICE) I personally served all parties on the attached service list.

Executed on February 2, 2021, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Candice Valenton

**JOHN EVANS v. NBCUNIVERSAL MEDIA, LLC, et al.**

Case No.

**CLIENT:  JOHN EVANS**
**FILE NO.: CS300.000.000**

**SERVICE LIST**

| | |
|---|---|
| Fahad Sharif, Esq.<br>LAW OFFICE OF FAHAD SHARIF, PC<br>18960 Ventura Blvd #440<br>Tarzana, CA 91356<br>Telephone: (310) 361-5614<br>Facsimile: (310) 362-0434<br>Emai: *fsharif@gmail.com*<br><br>Attorneys for Plaintiff, JOHN EVANS | |