AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
TIFFANY GELOTT (SBN 321951)
TGelott@ggfirm.com
LAUREN R. FISHELMAN (SBN 317601)
LFishelman@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN EVANS, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC, a corporation; UNIVERSAL PICTURES dba UNIVERSAL CITY STUDIOS, LLC, a corporation; JERRY SEINFELD, an individual; STACEY SNIDER, an individual, and DOES 1 to 10, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-00984-CBM-PD<br><br>*Assigned to Hon. Consuelo B. Marshall*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      June 22, 2021<br>Time:      10:00 a.m.<br>Ctrm:      8B<br><br>(Request for Judicial Notice, Declarations of Christopher Miller and Aaron J. Moss and [Proposed] Order filed concurrently herewith)<br><br>Complaint filed: February 5, 2021 |

*Left margin (vertical):* GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP / 2049 Century Park East, Suite 2600 / Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 22, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8B of the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, California 90012, Defendants NBCUniversal Media, LLC ("NBCUniversal"), Universal Pictures, a division of  Universal City Studios LLC[1] ("Universal Pictures"), Jerry Seinfeld ("Seinfeld"), and Stacey Snider ("Snider") (collectively, "Defendants") will appear and move the Court for an order dismissing with prejudice the claims for relief asserted against them by Plaintiff John Evans ("Plaintiff") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants move to dismiss on the grounds that Plaintiff has failed to state any claim upon which relief can be granted.  Judgment should be entered in Defendants' favor on Plaintiff's First Claim for Relief for Copyright Infringement because Plaintiff has failed to plausibly allege that any of the individuals or entities involved in the production or release of the film *Bee Movie* had access to Plaintiff's screenplay, nor has Plaintiff plausibly alleged substantial similarity between his screenplay and the film.  Plaintiff's Second, Third and Fourth Claims for Relief, for Unfair Competition, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress, respectively, fail as a matter of law because the claims are premised on the same allegations of copyright infringement at issue in Plaintiff's First Claim for Relief, and are therefore preempted by the Copyright Act.

This Motion to Dismiss is made following the conference of counsel pursuant to Central District Local Rule 7–3, which took place on May 10, 2021.  Declaration of Aaron J. Moss ("Moss Decl."), ¶6.

This Motion is based upon this Notice of Motion and Motion; the attached

---

[1] Erroneously named in this lawsuit as "Universal Pictures dba Universal City Studios, LLC, a corporation."  Universal City Studios LLC is not a corporation or a dba, but rather a registered limited liability company.

1
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS

Memorandum of Points and Authorities; Defendants' Request for Judicial Notice filed concurrently herewith and any other matters of which the Court may take judicial notice; the Declarations of Christopher Miller and Aaron J. Moss; the other files, records, pleadings and papers in this action; any reply papers that may be filed; and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.


DATED:  May 18, 2021

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: _____
AARON J. MOSS (SBN 190625)
TIFFANY GELOTT (SBN 321951)
LAUREN R. FISHELMAN (SBN 317601)
Attorneys for Defendants

2

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .............................................................................................. 1

II.   FACTUAL ALLEGATIONS ............................................................................ 3

III.  LEGAL STANDARDS .................................................................................... 4

IV.   STANDARDS FOR JUDICIAL NOTICE ...................................................... 6

V.    PLAINTIFF CANNOT STATE A CLAIM FOR COPYRIGHT
      INFRINGEMENT ............................................................................................ 7

    A.   Plaintiff Fails to Plausibly Allege Access ............................................ 7

    B.   Plaintiff Fails to Allege Substantial Similarity of Protected
        Expression Between His Screenplay and the Film. ........................... 11

VI.   PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE
      PREEMPTED AND FAIL TO STATE CLAIMS FOR RELIEF ................ 14

    A.   The Unfair Competition Claim is Preempted By the Copyright
        Act. ...................................................................................................... 14

    B.   Plaintiff's Intentional and Negligent Infliction of Emotional
        Distress Claims Are Likewise Preempted By the Copyright Act. ...... 15

VII.  CONCLUSION ............................................................................................... 16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Abbas v. Vertical Ent., LLC,*
2019 WL 6482229 (C.D. Cal. Aug. 19, 2019).......................................6

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...................................................................4, 5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................4, 5

*Boyman v. Disney Enters., Inc.,*
2018 WL 5094902 (C.D. Cal. June 1, 2018)..................................11

*Carlini v. Paramount Pictures Corp.,*
2021 WL 911684 (C.D. Cal. Feb. 2, 2021).......................................8

*Daniels-Hall v. Nat'l Educ. Ass'n,*
629 F.3d 992 (9th Cir. 2010)............................................................7

*Dreiling v. Am. Express Co.,*
458 F.3d 942 (9th Cir. 2006)............................................................6

*Edwards v. Cinelou Films LLC,*
2016 WL 9686986 (C.D. Cal. June 22, 2016)...............................15

*Esplanade Prods., Inc. v. Walt Disney Co.,*
2017 WL 5635024 (C.D. Cal. July 11, 2017) ...................11, 12, 13

*Esplanade Prods., Inc. v. Walt Disney Co.,*
2017 WL 5635027 (C.D. Cal. Nov. 8, 2017) ...................................5

*Evans v. McCoy-Harris,*
2019 WL 1002512 (C.D. Cal. Jan. 4, 2019)..................................12

*Fillmore v. Blumhouse Prods.,*
LLC, 2017 WL 4708018 (C.D. Cal. Jul. 7, 2017).........................8

*Gable v. Nat'l Broad. Co.,*
727 F. Supp. 2d 815 (C.D. Cal. 2010).............................................9

*Galbraith v. Cty. of Santa Clara,*
307 F.3d 1119 (9th Cir. 2002)..........................................................6

*Griffin v. Peele,*
2018 WL 5117555 (C.D. Cal. Jan. 18, 2018)..................................9

*Grill v. Lincoln Nat'l Life Ins. Co.,*
2014 WL 12588652 (C.D. Cal. June 3, 2014)..................................7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

ii

**TABLE OF AUTHORITIES**
(continued)

Page

*Hoff v. Walt Disney Pictures*,
   2019 WL 6329368 (C.D. Cal. Aug. 19, 2019) ................................................ 14

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ........................................................................ 6

*Kodadek v. MTV Networks, Inc.*,
   152 F.3d 1209 (9th Cir. 1998) ........................................................................ 15

*Laws v. Sony Music Entm't, Inc.*,
   448 F.3d 1134 (9th Cir. 2006) ........................................................................ 15

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) .......................................................................... 6

*Loomis v. Cornish*,
   836 F.3d 991 (9th Cir. 2016) .................................................................... 8, 10

*Mankaruse v. Raytheon Co.*,
   2015 WL 6755206 (C.D. Cal. Nov. 4, 2015) .................................................. 6

*Meta-Film Assocs., Inc. v. MCA, Inc.*,
   586 F. Supp. 1346 (C.D. Cal. May 14, 1984) ........................................... 9, 10

*Mills v. Alphabet Inc.*,
   2018 WL 1569838. (S.D.N.Y. March 28, 2018) ............................................ 16

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .......................................................................... 4

*Rainey v. Wayne State Univ.*,
   26 F. Supp. 2d 963 (E.D. Mich. 1998) ........................................................... 15

*Schkeiban v. Cameron*,
   2012 WL 12895722 (C.D. Cal. May 10, 2012) .............................................. 8

*Shwarz v. United States*,
   234 F.3d 428 (9th Cir. 2000) .......................................................................... 5

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) .......................................................................... 5

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ...................................................................... 7, 8

*United States ex rel. Modglin v. DJO Glob. Inc.*,
   48 F. Supp. 3d 1362 (C.D. Cal. Sept. 2, 2014) ............................................... 6

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) .......................................................................... 7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Washington v. ViacomCBS, Inc.*,
    2020 WL 5823568 (C.D. Cal. Aug. 20, 2020) (Marshall, J.) ............... 7, 8, 14, 15

*Wynn v. Chanos*,
    75 F. Supp. 3d 1228 (N.D. Cal. Dec. 16, 2014) .................................................. 6

*Zella v. E.W. Scripps Co.*,
    529 F. Supp. 2d 1124 (C.D. Cal. 2007) ........................................................... 11

**FEDERAL STATUTES**

37 C.F.R. § 202.1 ....................................................................................................... 11

17 U.S.C. § 106 .......................................................................................................... 15

17 U.S.C. § 411(a) ...................................................................................................... 13

Federal Rule of Civil Procedure 11 ........................................................................... 10

Federal Rule of Civil Procedure 12(b)(6) .......................................................... passim

Federal Rule of Evidence 201 ..................................................................................... 6

**CALIFORNIA STATUES**

Cal. Bus. & Prof. Code § 17200 *et seq.* .................................................................... 15

Cal. Code of Civ. Proc. § 335.1 ................................................................................. 16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This lawsuit epitomizes the type of frivolous copyright case that should be dismissed on the pleadings, before the plaintiff is permitted to embark upon voluminous, burdensome and expensive discovery that could not possibly change the outcome.

Plaintiff John Evans ("Plaintiff"), a writer, alleges that Defendants,[2] along with DreamWorks Animation LLC,[3] infringed the copyright in his screenplay (the "Screenplay") by releasing the animated film *Bee Movie* (the "Film") nearly fourteen years ago.  In an attempt to conceal the utterly baseless nature of his case, Plaintiff did not attach a copy of the purportedly infringed Screenplay to his complaint (Dkt. 7, "Complaint"), and has refused to provide it to Defendants, thereby preventing a side-by-side comparison.  But putting aside Plaintiff's intentional obfuscation, his Complaint nevertheless fails to state a viable claim for copyright infringement.

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must be plausible on its face.  Plaintiff does not, and cannot, meet this standard, as none of his claims is supported by factual allegations of the kind required by *Iqbal/Twombly*.  Plaintiff instead relies upon attenuated theories and improper legal conclusions, none of which is (or can be) supported by facts sufficient to render them plausible.

First, Plaintiff fails to plausibly allege that any of the individuals or entities

---

[2] The named defendants include NBCUniversal Media, LLC ("NBCUniversal"), Universal Pictures, a division of Universal City Studios LLC ("Universal Pictures"), Jerry Seinfeld ("Seinfeld"), and Stacey Snider ("Snider") (collectively, "Defendants").

[3] Though Plaintiff has included the entity Dreamworks Animation LLC in its definition of "Defendant" or "NBCUniversal" in his Complaint, he has failed to name this entity as a separate defendant.  DreamWorks Animation, LLC is the producer of the Film.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    involved in producing or releasing the Film had any access to his Screenplay.  He

2    alleges that he submitted a copy of his Screenplay to defendant Stacey Snider in

3    1999, while she was employed by Universal Pictures.  But Plaintiff has not and

4    cannot allege that either Snider or Universal Pictures had anything to do with the

5    creation of the Film, which was produced by DreamWorks Animation in 2007.

6    Instead, Plaintiff's convoluted claim is premised on defendant NBCUniversal's

7    *subsequent* acquisition of DreamWorks Animation in 2016—nine years after the

8    Film was released.  And despite Plaintiff's attempt to conflate DreamWorks

9    Animation with a completely separate, unaffiliated live action studio that

10   subsequently employed Snider, there is no allegation that anyone at DreamWorks

11   Animation had access to Plaintiff's Screenplay.  Likewise, while the Complaint

12   alleges that defendant Jerry Seinfeld was a credited writer on the Film, Plaintiff

13   does not and cannot plausibly allege that Seinfeld had access to the Screenplay

14   either.

15       Plaintiff's copyright claim should also be dismissed on the independent

16   ground that it does not sufficiently allege the existence of any substantial

17   similarities of expression between Plaintiff's Screenplay and the Film.  Putting

18   aside his failure to attach a copy of the work he claims was infringed, Plaintiff also

19   fails to allege any protectable creative expression contained in his Screenplay that

20   was copied in the Film.  Tellingly, Plaintiff has not attempted to identify a single

21   actionable similarity between the two works that could support an infringement

22   claim.

23       Finally, each of Plaintiff's ancillary state law claims (for unfair competition,

24   intentional infliction of emotional distress and negligent infliction of emotional

25   distress) fails as a matter of law because these claims are all premised entirely on

26   Defendants' purported copyright infringement.  They are therefore preempted by

27   the Copyright Act.

28       Because Plaintiff has failed to allege facts sufficient to state a claim that is

even plausible on its face, the Court should dismiss the Complaint and each of its purported claims for relief against Defendants with prejudice.

## II.   FACTUAL ALLEGATIONS

Plaintiff alleges that he is a writer who registered his Screenplay for an animated work entitled "Bee Movie" with the U.S. Copyright Office on April 14, 1999. Complaint, ¶¶4, 18.  The Copyright Office assigned a version of the Screenplay Registration No. Pau 2-399-668. Complaint, ¶18 and Exh. 1. [Dkt 7-4].[4]

According to Plaintiff, in 1999, Snider, then Co-Chairman of Universal Pictures, agreed to read and review Plaintiff's Screenplay as a favor to her housekeeper, who was one of Plaintiff's in-laws. Complaint, ¶22.  On August 30, 1999, Plaintiff received a rejection letter from Snider. Complaint, ¶23.

Plaintiff alleges that "[i]n approximately 2005 – 2006, Defendant Snider left her role as Co-chairman of Universal Pictures in exchange for a position as Co-chairman and CEO of DreamWorks." Complaint, ¶24.[5]

In November 2007, purportedly in her role as "Co-chairman and CEO of DreamWorks," Plaintiff alleges that Snider released the animated film *Bee Movie*,

_____

[4] As discussed further below, despite the fact that the Complaint is premised entirely upon the alleged infringement of his Screenplay, Plaintiff did not attach a copy of the as-registered Screenplay to his Complaint, and he has also refused to provide it to Defendants. Declaration of Aaron J. Moss in Support of Defendants' Request For Judicial Notice and Motion to Dismiss ("Moss Decl."), ¶5 and Exhibit 5.  Defendants' counsel has requested a copy from the Copyright Office, but thus far has been unable to obtain one. *Id.*, ¶4.

[5] In a disingenuous (if not fraudulent) allegation, the Complaint conflates "DreamWorks Animation," the company that produced the Film (Complaint, Exh. 4), with the live action studio "DreamWorks" that employed Stacey Snider after she left Universal Pictures. Complaint, ¶24.  At all times relevant to Plaintiff's claims, DreamWorks Animation was a completely separate company from DreamWorks Studios, and did not employ Ms. Snider. *See* Declaration of Christopher Miller in Support of Defendants' Request For Judicial Notice and Motion to Dismiss ("Miller Decl."), ¶¶2-4 and Exhibits 1, 2. Plaintiff's counsel was informed of this fact and was advised of publicly available records on this point prior to the filing of this lawsuit. Plaintiff nevertheless disregarded this public information in asserting his claims.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

which Plaintiff claims infringes his Screenplay.  The Film's credits represent that it is "Based on an original idea by Jerry Seinfeld," and Seinfeld is a credited writer. Complaint, ¶25.

On August 22, 2016, NBCUniversal announced that it had completed its acquisition of DreamWorks Animation SKG Inc.[6] and, as alleged by Plaintiff, "the studio DreamWorks is now part of the Universal Filmed Entertainment Group." Complaint, ¶26.  Plaintiff further alleges that "Universal Filmed Entertainment Group is now a division of NBC Universal." Complaint, ¶27.

Plaintiff concedes that he has been aware of the DreamWorks Animation film *Bee Movie* since it was first released on November 1, 2007. Complaint, ¶30. Nevertheless, he waited for nearly 14 years to file his lawsuit against Defendants. Plaintiff's Complaint alleges four causes of action, each of which is based upon Defendants' alleged infringement of his Screenplay: (1) Copyright Infringement; (2) Unfair Competition; (3) Intentional Infliction of Emotional Distress; and (4) Negligent Infliction of Emotional Distress. Complaint, ¶¶16-48.

### III.   LEGAL STANDARDS

Federal Rule of Civil Procedure ("FRCP") 8 requires Plaintiff to provide Defendants with "fair notice of what the claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotation and alteration omitted).  Although a plaintiff need not provide "detailed factual allegations," he must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under

---

[6] DreamWorks Animation SKG Inc. was the publicly traded parent company of DreamWorks Animation LLC.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

FRCP 12(b)(6) "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell*, 550 U.S. at 555. Accordingly, here, Plaintiff's claims against Defendants must contain "enough facts to state a claim to relief that is plausible on its face," and show "more than a sheer possibility that [Defendants] ha[ve] acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The first step in determining whether a claim is sufficiently pleaded is to identify the elements of that claim. *See id.* at 675. A court should then distinguish between the pleading's allegations of fact and its legal conclusions: a court "must take all of the factual allegations in the complaint as true," but should not give legal conclusions this assumption of veracity. *Id.* at 678. Indeed, "[t]he Court must disregard allegations that are legal conclusions, even when disguised as facts." *Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635027, at *12 (C.D. Cal. Nov. 8, 2017), citing *Iqbal*, 556 U.S. at 681. Similarly, the Court "need not accept as true . . . allegations that contradict facts that may be judicially noticed by the court[.]" *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The court must then decide whether the pleading's factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Allegations showing only the "mere possibility of misconduct" are also insufficient. *Id.* at 679.

As discussed below, Plaintiff falls woefully short of satisfying the pleading

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS

standard required to survive a motion to dismiss pursuant to FRCP 12(b)(6).

## IV.   STANDARDS FOR JUDICIAL NOTICE

A court may properly take judicial notice of (1) material which is included as part of a complaint or relied upon by a complaint, and (2) matters in the public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In addition, pursuant to the "incorporation by reference" doctrine, under Rule 201, documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss. *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

Courts regularly grant requests for judicial notice of records available on the United States Copyright Office's website. *See, e.g., Abbas v. Vertical Ent., LLC*, 2019 WL 6482229, at *1 (C.D. Cal. Aug. 19, 2019) (taking judicial notice of copies of records maintained in the Copyright Office); *United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381-82 (C.D. Cal. Sept. 2, 2014) ("[T]he court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies") (quotation omitted).

Moreover, "SEC forms such as…Form 10–K are matters of public record" subject to judicial notice. *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. Dec. 16, 2014); *see also Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are proper subjects of judicial notice); *Mankaruse v.*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Raytheon Co.*, 2015 WL 6755206, *2 n.2 (C.D. Cal. Nov. 4, 2015) (granting judicial notice of SEC Form 10-K).

Additionally, courts regularly take judicial notice of the content of publicly accessible websites (*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)), as well as other publicly-available documents that show what information is "'in the public realm at the time[.]'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quotation omitted). *See also Grill v. Lincoln Nat'l Life Ins. Co.*, 2014 WL 12588652, *3 (C.D. Cal. June 3, 2014) (granting judicial notice as to news publication from *New York Times*).

## V.   PLAINTIFF CANNOT STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

"To withstand a motion to dismiss a copyright infringement claim under Rule 12(b)(6), a plaintiff must allege: (1) ownership of a valid copyright, and (2) copying constituent elements of the work that are original." *Washington v. ViacomCBS, Inc.*, 2020 WL 5823568, at *2 (C.D. Cal. Aug. 20, 2020) (Marshall, J.), citing *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991).

Where, as here, there is no allegation or evidence of direct copying, the second "copying" element requires Plaintiff to plausibly allege (and thereafter prove) circumstantial evidence of copying by showing both that Defendants had "access" to plaintiff's copyrighted work, and that there is "substantial similarity" of protected expression between the copyrighted work and Defendants' work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

Here, Plaintiff has failed to plausibly allege either access or substantial similarity.

### A.   Plaintiff Fails to Plausibly Allege Access.

In order to properly plead access in a copyright case, a plaintiff must

sufficiently allege "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (internal quotation marks and citation omitted). Access "may not be inferred through mere speculation or conjecture." *Three Boys Music*, 212 F.3d at 482.  Several courts within the Central District, including this one, have dismissed copyright infringement cases at the pleading stage where a plaintiff's access allegations were merely speculative.  *See Washington*, 2020 WL 5823568, at *3; *Carlini v. Paramount Pictures Corp.*, 2021 WL 911684, at *7 (C.D. Cal. Feb. 2, 2021); *Fillmore v. Blumhouse Prods.*, LLC, 2017 WL 4708018, at *4 (C.D. Cal. Jul. 7, 2017); *Schkeiban v. Cameron*, 2012 WL 12895722, at *1-*2 (C.D. Cal. May 10, 2012).

Here, Plaintiff has alleged that he submitted his Screenplay to Defendant Snider in 1999, while she was employed by Universal Pictures. Complaint, ¶¶ 22-23.  However, Plaintiff does not allege that either Snider or Universal Pictures was involved in the creation or dissemination of the Film at the time it was released in November 2007.  Instead, as set forth in the Complaint and in Plaintiff's Exhibit 4, Plaintiff acknowledges that the Film was released in November 2007 by DreamWorks Animation.  As of that date, DreamWorks Animation had no affiliation with Universal Pictures.[7]  Complaint, ¶25 and Exh. 4.

Plaintiff does allege that in 2005 – 2006, seven years after allegedly receiving Plaintiff's Screenplay, Snider took a position as "Co-chairman and CEO of DreamWorks." Complaint, ¶24.  Concealed through Plaintiffs' use of shorthand names, however, is the fact that Snider's new position was on behalf of *DreamWorks Studios*, a live action studio that, as of 2006, was a separate company

---

[7] While Plaintiff subsequently alleges that "On August 22, 2016, NBCUniversal . . . announced its completed acquisition of DreamWorks Animation SKG Inc." (Complaint, ¶26), this was *nine years after* the Film was first produced and released.

not associated with *DreamWorks Animation*. *See* Defendants' Request for Judicial Notice and Miller Decl., ¶¶3-4, Exhibits 1, 2.  DreamWorks Animation was run by Jeffrey Katzenberg (its Chief Executive Officer and Director) when *Bee Movie* was released in November 2007 and Ms. Snider was not an executive officer of that company. Miller Decl., ¶¶3-4, Exhibits 1, 2.

Moreover, regardless of which studio employed Snider and when, the Complaint does not allege (and cannot allege) that Snider: (1) was involved in the creation of the allegedly-infringing Film in any manner; or (2) ever provided a copy of the Screenplay to any of the individuals or entities who were involved in creating the Film. *See Griffin v. Peele*, 2018 WL 5117555, at *5 (C.D. Cal. Jan. 18, 2018) (on motion to dismiss, finding plaintiff's chain of events "too speculative" where plaintiff did not allege that the infringing work was actually provided to alleged infringer).  Indeed, there is not a single allegation that *any* of the individuals or entities involved in producing or releasing the Film (including Seinfeld or DreamWorks Animation) had any access to Plaintiff's Screenplay.  In other words, no connection—let alone a plausible connection—has been alleged between Snider's receipt of the Screenplay in 1999, and the production and release of the Film in 2007 by a *completely different* set of individuals and entities.

To survive a motion to dismiss, Plaintiff is required to allege a sufficient nexus between "the individual who possesses knowledge of a plaintiff's work and the creator of the allegedly infringing work." *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1356-59 (C.D. Cal. May 14, 1984) (even though plaintiff showed his work to a director who was under contract with the defendant studio and worked on the studio lot, he could not show any connection between the director and the allegedly infringing work). To allege the requisite nexus, "a plaintiff must show that he submitted his work to an intermediary *who is in a position to transmit the plaintiff's work to the creators of the infringing work*." *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 826 (C.D. Cal. 2010), aff'd 438 F.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

App'x 587 (9th Cir. 2011) (emphasis in original).

The Ninth Circuit has held that the "bare corporate receipt" of a work by an individual who shares a common employer with the alleged copier is insufficient to establish access. *Loomis*, 836 F.3d at 995. Here, Plaintiff has not alleged that the studio responsible for the production and dissemination of the Film—DreamWorks Animation—ever even saw Plaintiff's Screenplay.

Specifically, Plaintiff has not made *any* factual allegations that would tie Stacey Snider, the alleged recipient of the Screenplay, to Seinfeld, DreamWorks Animation, or anyone responsible for creating the Film. In summary:

- As to defendant Snider, the Complaint alleges she had access to Plaintiff's Screenplay, but not that she was involved in the creation of the Film. Nor does the Complaint allege that Snider sent the Screenplay to any of the persons or entities who actually were involved in creating the Film—all of whom were working on behalf of a different studio.

- As to defendant Seinfeld, the Complaint alleges that he was a credited writer on the Film—but not that he had any access to Plaintiff's Screenplay.

- As to defendants NBCUniversal Media, LLC and Universal Pictures, the Complaint neither alleges that they had access to the Screenplay nor that they had anything do to with the creation of the Film in 2007.

As the court held in *Meta-Film Associates*, 586 F. Supp. at 1355, the nexus between the person having knowledge of the plaintiff's work and the persons allegedly responsible for the infringing work must be "sufficiently strong to raise a reasonable possibility of access." Here, no such facts may be alleged consistent with Plaintiff's (and Plaintiff's counsel's) responsibilities under Rule 11. In short, without a plausible theory that any connection existed between Snider and the other Defendants, Plaintiff's copyright infringement claim fails as a matter of law and must be dismissed.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.** **Plaintiff Fails to Allege Substantial Similarity of Protected Expression Between His Screenplay and the Film.**

Assuming for the sake of argument that Plaintiff could plausibly state a claim of access (though he cannot), he would still need to establish that "the works at issue are substantially similar in their protected elements." *Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007), citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). However, as with his deficient access allegations, Plaintiff's contentions regarding substantial similarity are not supported by *any* factual allegations of the kind required by *Iqbal/Twombly*. Instead, Plaintiff flouts the required pleading standards at every turn.

Plaintiff has not attached a copy of his Screenplay to the Complaint, nor has he specified any creative expression that was included in his Screenplay and allegedly copied by the Film. He makes no attempt to describe or compare the allegedly infringing and infringed works. Indeed, aside from naming the titles of the works (which are not protectable under copyright law), Plaintiff's Complaint does not identify a single supposed similarity between the Film and the Screenplay.

Instead, Plaintiff's Complaint rests entirely on the allegation that "the infringing film copied numerous copyrightable elements of Plaintiff's work precisely, including but not limited to the title[8] and medium of the screenplay, dialogue, structure, themes, choices of shots, camera, angles, colors, lighting, textual descriptors, and other artistic and expressive elements of Plaintiff's work." Complaint, ¶31.

This type of wholly conclusory allegation is woefully insufficient to meet the "plausibility" standard required by *Iqbal/Twombly*. *See Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024, at *5 (C.D. Cal. July 11, 2017) (dismissing

---

[8] Titles, short phrases and names are not protected by copyright law. *See* 37 C.F.R. § 202.1; *Boyman v. Disney Enters., Inc.*, 2018 WL 5094902, at *3 (C.D. Cal. June 1, 2018) (disregarding similarity of titles for purposes of comparing two works).

complaint where plaintiff did not attach the allegedly infringed work, ruling that "the Complaint is filled with conclusory allegations that are not factually specific enough to support Esplanade's claims"); *Evans v. McCoy-Harris*, 2019 WL 1002512, at *3 (C.D. Cal. January 4, 2019) (dismissing complaint where plaintiff did not attach allegedly infringed screenplay, did not allege the protectable elements of the infringed works, and made "no effort to compare the copyrightable elements" of the two works).  Indeed, the improper conclusory nature of Plaintiff's allegations is made all the more apparent by the fact that there cannot possibly be any copying—let alone any purported similarities—in "choices of shots, camera, [and] angles" between an *animated* film, on the one hand, and a *written screenplay*, on the other.

 *Esplanade* is particularly instructive.  There, as here, the plaintiff failed to attach the allegedly infringed screenplay to his complaint. 2017 WL 5635024, at *1. However, unlike Plaintiff here, the plaintiff in *Esplanade* at least attempted to summarize and describe the allegedly infringed elements, including plot similarities ("[t]he Complaint alleges that" both works "'involve a small, cute, furry female animal, who is an outsider…dismissed by the other more dominant animals because of her species, and she strives to overcome that societal prejudice'"); character analysis (the protagonists in both works "present an odd pair"); and character design (including specific images submitted as part of the complaint).  *Id.* at *5-*9.

 Notwithstanding the presence of allegations substantially more detailed than those alleged by Plaintiff here, the court in *Esplanade* nevertheless granted the defendant's motion to dismiss. *Id.* at *1.  The court held that "the Complaint describes the alleged similarities at such a high level of generality that it is *impossible* for the Court to evaluate whether the alleged copying was sufficiently specific to be protectable or merely a series of unprotectable *scénes-á-faire*.  The allegations thus *fail to state a plausible claim*." *Id.* (Emphasis added).

 Moreover, Plaintiff's failure to attach the Screenplay to his Complaint is not

12

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

inadvertent, but rather appears to be a calculated attempt to avoid a pleading-based challenge to his Complaint. In this regard, according to the U.S. Copyright Office's online Public Records Catalog, the screenplay registered by John Evans on April 14, 1999 bearing Registration No. Pau 2399668 is 46 pages long. *See* Moss Decl., ¶¶2-3, Exhibit 4. However, in October 2019, prior to filing his complaint, Plaintiff's manager sent NBCUniversal's in-house counsel an 87-page screenplay purportedly written by Plaintiff entitled "Bee Movie," which she represented to be a copy of the registered 1999 script—even though it was 41 pages longer than the script described in the Public Records Catalog. *See* Miller Decl., ¶¶5-7.

In light of this discrepancy, and prior to filing this motion, Defendants' counsel requested a copy of the true 46 page "as-registered" script from Plaintiff's counsel. Moss Decl., ¶5. They refused. *Id.*, ¶5, Exhibit 5. Instead, Plaintiff prematurely sent voluminous and wide-ranging written discovery on Defendants. *Id.* It goes without saying that it is wholly improper for Plaintiff to attempt to drive up the cost of defense while simultaneously mispresenting the screenplay at issue, relying on an illegitimate and/or unregistered version of that script, and refusing to attach, produce or even describe the work upon which his entire copyright infringement case rests.[9]

As recognized by the court in *Esplanade*, Plaintiff's failure to attach the screenplay (or even to include a detailed summary of protectable elements), strongly indicates that Plaintiff "believed including those details would have been detrimental to [his] claims." *Esplanade*, 2017 WL 5635024, at *10. Under these circumstances, to "allow the action to proceed based on deliberate obfuscation would run afoul of what the Ninth Circuit considers to be a critical policy interest in preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately

---

[9] And, in any event, because Plaintiff has not obtained a certificate of registration from the Copyright Office for the 87-page screenplay he purports to have written, it could not form the basis for this lawsuit, or any other. *See* 17 U.S.C. § 411(a).

1   omitting references to documents upon which their claims are based." *Id.*

2   (quotations omitted).

3       In sum, Plaintiff fails to adequately allege any specific elements of alleged

4   infringement in the Complaint. His vague, conclusory, and unsupported allegation

5   of substantial similarity cannot be sustained and, consequently, Plaintiff's copyright

6   infringement claim fails as a matter of law and should be dismissed.

7

8   **VI.   PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE**

9   **PREEMPTED AND FAIL TO STATE CLAIMS FOR RELIEF**

10      **A.    The Unfair Competition Claim is Preempted by the Copyright**

11      **Act.**

12      "In the Ninth Circuit, a state law claim is preempted by the Copyright Act if

13   'the subject matter of the state law claim falls within the subject matter of

14   copyright[,]' and 'the rights asserted under state law are equivalent to' those

15   protected by copyright." *Hoff v. Walt Disney Pictures*, 2019 WL 6329368, *5 (C.D.

16   Cal. Aug. 19, 2019), citing *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-

17   38 (9th Cir. 2006) (brackets in original). "'To survive preemption, the state cause

18   of action must protect rights which are qualitatively different from the copyright

19   rights. The state claim must have an extra element which changes the nature of the

20   action.'" *Washington*, 2020 WL 5823568, *5, citing *Maloney v. T3Media, Inc.*, 853

21   F.3d 1004, 1019 (9th Cir. 2017).

22      Here, Plaintiff's unfair competition claim is substantially identical to his

23   infringement claim. Not only does the claim incorporate by reference all of

24   Plaintiff's substantive infringement allegations, but Plaintiff expressly alleges that

25   his unfair competition claim is premised upon "Defendants' *unauthorized use* of

26   Plaintiff's copyrighted work" through the promotion of the Film. Complaint, ¶37

27   (emphasis added). The Copyright Act provides the owner of a copyright with the

28   exclusive right to reproduce, distribute and create derivative works of his

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  copyrighted work. *See* 17 U.S.C. § 106.  By his own admission, Plaintiff seeks to

2  vindicate these precise rights through his unfair competition claim.  Complaint,

3  ¶¶37-38.  Therefore, Plaintiff's state law claim is not "qualitatively different" from

4  his claim for copyright infringement. *See Washington*, 2020 WL 5823568, *5

5  (Copyright Act preempted unfair competition claim); *Kodadek v. MTV Networks,*

6  *Inc*., 152 F.3d 1209, 1213 (9th Cir. 1998) (same).  Accordingly, Plaintiff's unfair

7  competition claim is preempted by the Copyright Act and should be dismissed

8  without leave to amend.[10]

9

10   **B.    Plaintiff's Intentional and Negligent Infliction of Emotional**

11          **Distress Claims Are Likewise Preempted By the Copyright Act**.

12          Like the unfair competition claim, the only alleged conduct giving rise to

13  Plaintiff's Third and Fourth Claims for Intentional and Negligent Infliction of

14  Emotional Distress, respectively, is Defendants' purported unauthorized copying

15  and use of Plaintiff's Screenplay. Complaint, ¶¶39-48.  Accordingly, the rights

16  Plaintiff seeks to vindicate are equivalent to the exclusive rights of reproduction,

17  distribution, and preparation of derivative works protected by the Copyright Act

18  and are, therefore, preempted. *Laws*, 448 F.3d at 1137-38.

19          Courts have consistently dismissed emotional distress claims where, as here,

20  the only alleged conduct giving rise to the claim consists of the purported

21  infringement of the plaintiff's work. *See, e.g., Edwards v. Cinelou Films LLC*, 2016

22  WL 9686986, at *5 (C.D. Cal. June 22, 2016) (Copyright Act preempts an

23  intentional infliction of emotional distress claim); *Rainey v. Wayne State Univ.*, 26

24

25  ───────────────
[10] Even if this claim was not preempted by the Copyright Act (and it is), it would be
26  time-barred.  As Plaintiff readily admits, as of November 1, 2007, Plaintiff knew of
the Film and its release. Complaint, ¶30.  Nonetheless, he waited nearly fourteen
27  years to file the Complaint. To comport with the statute of limitations, a claim for
unfair competition under California Business & Professions Code section 17200 *et*
28  *seq.* must be filed "within four years after the cause of action accrued." *See* Cal.
Bus. & Prof. Code § 17208.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

F. Supp. 2d 963, 969 (E.D. Mich. 1998) (emotional distress claim preempted because "the extreme and outrageous conduct which plaintiff relies upon to prove her claim is the unauthorized reproduction of her artwork," which "is exactly what copyright law protects"); *Mills v. Alphabet Inc.*, 2018 WL 1569838, *6-*7. (S.D.N.Y. March 28, 2018) (dismissing claims for both intentional and negligent infliction of emotional distress as preempted because they "arise from the same underlying conduct as [Plaintiff's] copyright infringement claim—that Defendants copied and used Plaintiff's purported work without permission").

Because both of Plaintiff's emotional distress claims seek to vindicate rights identical to those provided for under the Copyright Act, there is no "extra element" that would make them "qualitatively different" from his copyright claim to avoid preemption.

Moreover, neither of the emotional distress claims is supported by factual allegations of the kind required by *Iqbal/Twombly*. Therefore, even if these claims were not preempted by the Copyright Act (and they are), they are insufficiently alleged to be "plausible." Accordingly, Plaintiff's Third and Fourth claims, like his others, should be dismissed without leave to amend.[11]

## VII.  **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court dismiss the Complaint with prejudice.

---

[11] Even if these claims were not preempted by the Copyright Act (and they are), they are, like Plaintiff's claim for unfair competition, time-barred. As Plaintiff readily admits, as of November 1, 2007, Plaintiff knew of the Film and its release. Complaint, ¶30. Nonetheless, he waited nearly fourteen years to file the Complaint. Claims for negligent and/or intentional infliction of emotional distress must be commenced within two years of the date of injury. *See* Cal. Code of Civ. Proc. § 335.1.

DATED:  May 18, 2021

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
AARON J. MOSS (SBN 190625)
TIFFANY GELOTT (SBN 321951)
LAUREN R. FISHELMAN (SBN 317601)
Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS