1  **THE LAW OFFICE OF FAHAD SHARIF, PC**
   FAHAD SHARIF, ESQ. (SBN# 322563)
2  *fshariflaw@gmail.com*
   ROGER L. WILKERSON, III, ESQ. (SBN #327889)
3  *roger@lawrriorinc.com*
   18960 Ventura Blvd #440
4  Tarzana, CA 91356
   Telephone:  (310) 361-5614
5  Facsimile:  (310) 362-0434

6  Attorneys for Plaintiff, JOHN EVANS

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  **JOHN EVANS,** an individual,          )   CASE NO.   2:21-cv-00984-CBM-PD
                                           )
12                        Plaintiffs,      )   *Assigned to Hon. Consuelo B.*
                                           )   *Marshall*
13                                         )
                                           )
14            **v.**                       )
                                           )   **PLAINTIFF JOHN EVANS**
15  **NBCUNIVERSAL MEDIA, LLC**, a         )   **OPPOSITION IN PART TO**
    corporation**; UNIVERSAL**             )   **DEFENDANTS REQUEST FOR**
16                                         )   **JUDICIAL NOTICE**
    **PICTURES dba UNIVERSAL CITY**        )
17  **STUDIOS, LLC**, a corporation;       )
    **JERRY SEINFELD**, an individual;     )   **Date:        June 22, 2021**
18  **STACEY SNIDER**, an individual, and  )   **Time:        10:00 a.m.**
    DOES, 1 to 10, inclusive,             )   **Dept.:       8B**
19                                         )
                                           )
20                                         )   Opposition to Defendant's Request for
                        Defendants.        )   Judicial Notice; Declarations of John
21                                         )   Evans; and Declaration of Roger
                                           )   Wilkerson; and [Proposed] Order filed
22                                         )   concurrently herewith)
                                           )
23                                         )
                                           )   Complaint filed:  February 5, 2021
24                                         )
                                           )
25                                         )
                                           )
26                                         )
                                           )
27                                         )
                                           )
28

1  **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF**
2  **RECORD:**

3       Plaintiff respectfully submits this opposition in part to Defendants'
4  request that the Court take judicial notice of the  following facts: (1) The 2007
5  Annual Report for DreamWorks Animation SKG, Inc., Form 10-K, which was
6  filed with the U.S. Securities & Exchange Commission. The 2007 Annual
7  Report for DreamWorks Animation SKG, Inc., Form 10-K, is attached as
8  **Exhibit 1** to the accompanying Declaration of Christopher Miller in support of
9  Defendants' Request for Judicial Notice and Motion to Dismiss ("Miller
10 Declaration");  (2) and A copy of a February 27, 2006 article in the *New York*
11 *Times* entitled *Top Executive is Leaving Universal to Run DreamWorks*,
12 available at https://www.nytimes.com/2006/02/27/business/media/top-
13 executive-is-leaving-universal-to-run-dreamworks.html. This article is attached
14 **Exhibit 2** to the Miller Declaration.

15      As stated in Plaintiff's Opposition to Defendants' Motion to Dismiss,
16 Plaintiff objects to the admission of these facts being used as dispositive or to
17 infer lack of a plausibly pleaded complaint or access, because the business and
18 professional relationship amongst the Defendants, as corporations and
19 individuals, are subject to reasonable dispute pursuant to Federal Rule of
20 Evidence 201(b).

21 **I.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF THE**
22 **INDEPENDENCE BETWEEN DREAMWORKS ANIMATION**
23 **AND DREAMWORKS PICTURES IS NOT APPROPRIATE**
24 **BECAUSE IT IS SUBJECT TO REASONABLE DISPUTE IN**
25 **THAT BOTH ARE SUBSIDIARIES WHO HAVE SHIFTED**
26 **THEIR ASSETS TO THE PARENT COMPANY**
27 **NBCUNIVERSAL MEDIA, LLC**.

28

*PLAINTIFF JOHN EVANS OPPOSITION TO*
*DEFENDANTS REQUEST FOR JUDICIAL NOTICE*

1    A court may properly take judicial notice of (1) material which is

2    included as part of a complaint or relied upon by a complaint, and (2) matters

3    in the public record. See *Lee v. City of L.A.,* 250 F.3d 668, 688-89 (9th Cir.

4    2001) overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307

5    F.3d 1119, 1125-26 (9th Cir. 2002). Under Federal Rule of Evidence 201(b), a

6    judicially noticed fact must be one "not subject to reasonable dispute in that it

7    (1) is generally known within the territorial jurisdiction of the trial court; or (2)

8    can be accurately and readily determined from sources whose accuracy cannot

9    reasonably be questioned."

10   As suggested in Defendants' Motion to Dismiss and Request for Judicial

11   Notice ("the Request"), Courts take judicial notice of the content of publicly

12   accessible websites (*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th

13   Cir. 2010)), as well as other publicly-available documents that show what

14   information is "'in the public realm at the time[.]'" Von Saher v. Norton Simon

15   Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (quotation

16   omitted). See also *Grill v. Lincoln Nat'l Life Ins. Co*., 2014 WL 12588652, *3

17   (C.D. Cal. June 3, 2014) (granting judicial notice as to news publication from

18   New York Times).

19       Generally, a parent corporation can not protect themselves legally form

20   the negligent or criminal acts of the subsidiary if: (1) there is no real

21   independence between the two companies; (2) The subsidiary is insolvent;

22   and/or (3) The subsidiary shifts its assets to the parent company to avoid

23   paying damages. How these rules play out in any given case depends on the

24   specific details of the case.

25       Here, Defendants are attempting to obfuscate the clear causal linkage

26   between Plaintiff's animated-screenplay and Defendants' infringing-film by

27   claiming that neither Co-Defendant NBCUniversal nor Co-Defendant Snider

28   played a constructive role in the production of the infringing-film. Thus,

*PLAINTIFF JOHN EVANS OPPOSITION TO
DEFENDANTS REQUEST FOR JUDICIAL NOTICE*

1  placing fault for this element of copyright infringement on Co-Defendant

2  Seinfeld and the affiliated DreamWorks companies.

3  It is important to note here, that based on admission, public knowledge,

4  and simple searches of "publicly accessible websites" that Co-Defendant

5  Snider, DreamWorks Pictures, DreamWorks Animation, its affiliated

6  companies, its owners and Co-Defendant NBCUniversal have significant

7  overlap as pertains to both personal friendships and professional relationships,

8  including "not-so-discreet backroom discussions between Stacey Snider,

9  Steven Spielberg and Comcast for Snider to take a top post at Universal

10  Pictures." See article on *DEADLINE.com* entitled *Dreamworks Duo Stacey*

11  *Snider and Steven Spielberg Staying Put,* written by Mike Fleming Jr., dated

12  August 14, 2012, available at https://deadline.com/2012/08/dreamworks-duo-

13  stacey-snider-and-steve-spielberg-staying-put-318566/ attached hereto

14  Wilkerson Decl. ¶4 as **Exhibit 9**.

15  Moreover, equally based on admission and public information,

16  DreamWorks Animation originated as a division of DreamWorks SKG, a

17  company founded in 1994 by Steven Spielberg, Jeffrey Katzenberg, and David

18  Geffen (the "S," "K," and "G" of the company name). In 2004 DreamWorks

19  spun off DreamWorks Animation as an independent company, and Katzenberg

20  stayed on as chief executive officer. Id. In August 2016 the corporation was

21  acquired by NBC Universal (also known as NBCUniversal), a subsidiary

22  of Comcast Corporation, which was originally a cable television operator. See

23  article on *Encyclopedia Britannica, Inc.* entitled *DreamWorks Animation*, by

24  Encyclopaedia Britannica, dated December 3, 2020, available at

25  https://www.britannica.com/topic/DreamWorks-Animation; see also article on

26  *Comcast Business* entitled *NBCUniversal Completes DreamWorks Animation*

27  *Acquisition*, sourced by NBCUniversal, dated August 22, 2016, available at

28  https://www.cmcsa.com/news-releases/news-release-details/nbcuniversal-

*PLAINTIFF JOHN EVANS OPPOSITION TO
DEFENDANTS REQUEST FOR JUDICIAL NOTICE*

1  completes-dreamworks-animation-

2  acquisition#:~:text=NEW%20YORK%20%2D%2D(BUSINESS%20WIRE,(D

3  WA) attached hereto Wilkerson Decl. ¶4 as **Exhibit 9**.

4         Here, Defendants' proffered defense of feigned independence from each

5  other is a attempt to disprove access clearly strains credulity. Collectively, the

6  Defendants are a group comprising of elite studios, co-workers, executives, and

7  friends that openly and notoriously collaborate in a multitude of ventures, even

8  when ethically improper. Ex. 9. However, insultingly, the Defendants are

9  asking the Court to suspend common-sense and Judicially Notice that the

10  Defendants didn't or do not coordinate or communicate as an elite film studio,

11  film executives, co-workers, and friends *coincidentally* when it pertains to the

12  access and knowledge of Plaintiff's animated-screenplay. Public information

13  indicating the willingness for the Defendants' to engage in surreptitious  and

14  unscrupulous business negotiations and tactics only boasts Plaintiff's

15  allegations of copyright infringement via copyright-laundering.

16         Thus, pursuant to Fed. R. Ev. 201(b), the facts Defendants are

17  Requesting Judicial Notice of are improper because they are subject to

18  reasonable dispute using the same metrics and rules stated in Defendants' own

19  Request. Therefore, the Defendants' Request for Judicial Notice should be

20  denied in part. Plaintiff supports judicial notice U.S. Copyright Office's online

21  Public Records Catalog for the screenplay entitled "Bee Movie," registered by

22  Plaintiff John Evans ("Plaintiff") on April 14, 1999, available at Registration

23  No. PAu2-399-668.

24                                                    LAW OFFICES OF FAHAD SHARIF, PC

25
    DATED: June 5, 2021

26                                   By: *Roger L. Wilkerson*
                                         ROGER L. WILKERSON, ESQ.
27                                       FAHAD SHARIF, ESQ.
                                         Attorneys for Plaintiff, **JOHN EVANS**
28

*PLAINTIFF JOHN EVANS OPPOSITION TO
DEFENDANTS REQUEST FOR JUDICIAL NOTICE*