**THE LAW OFFICE OF FAHAD SHARIF, PC**
FAHAD SHARIF, ESQ. (SBN# 322563)
*fshariflaw@gmail.com*
ROGER L. WILKERSON, III, ESQ. (SBN #327889)
*roger@lawrriorinc.com*
18960 Ventura Blvd #440
Tarzana, CA 91356
Telephone:  (310) 361-5614
Facsimile:   (310) 362-0434

Attorneys for Plaintiff, JOHN EVANS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN EVANS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC, a corporation; UNIVERSAL PICTURES dba UNIVERSAL CITY STUDIOS, LLC, a corporation; JERRY SEINFELD, an individual; STACEY SNIDER, an individual, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.  2:21-cv-00984-CBM-PD<br><br>[Hon. Consuelo B. Marshall]<br><br>**PLAINTIFFS MOTION IN OPPOSITION TO NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Complaint Served:  March 3, 2021<br><br>Motion filed : May 18, 2021<br><br>Response Date:  June 8, 2021 |

**I.  ARGUMENT FOR OPPOSITION TO DEFENDANTS' NON-OPPOSITION NOTICE AND MOTION**
TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff  John Evans ("has filed a timely Notice and Opposition to Defendants' Motion for Dismissal pursuant to 12(b)(6) and Opposition to Defendants' Request for Judicial Notice. Dkt. 20.

On April 19, 2021. Hon. Judge Marshall issued a standing order in this matter. Dkt. 15. Clause 7 dictates the following:

"7.    Motions:

a. Time for Filing and Hearing Motions: Motions shall be filed in in accordance with Local Rules 6 and 7. Local Rule 6-1 provides: "The notice of motion shall be filed with the Clerk no later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service." This Court typically hears motions on TUESDAYS, beginning at 10:00 a.m.

The briefing schedule for the motion shall be governed by Local Rules 6 and 7. No supplemental brief shall be filed without prior leave of Court. Adherence to deadlines is mandatory for chambers' preparation of motion matters."

A search for Rule 7 within the United States Central District website (https://www.cacd.uscourts.gov/court-procedures/local-rules ) for Rule 7 yielded the following:

**"TITLE III. PLEADINGS AND MOTIONS**

Rule 7. Pleadings Allowed; Consultation; Oral Argument; Response Time; Show Cause Order; Form of Motions and Other Papers

(d)    Time To Respond. Unless otherwise prescribed by these rules, or by order of the court, a response to a motion must be served within 21 days after service of such motion, except that a response to a dispositive motion must be served within 35 days after service of such motion. The movant has 21 days after service of the response to a dispositive motion to serve a reply." Local Rule 7(d), available at https://www.cit.uscourts.gov/sites/cit/files/Rule%2007.pdf.

Additionally, pursuant to Federal Rules of Civil Procedure Rule 12, a party has 21 days to file a responsive pleading.

On May 18, 2021, Defendants filed their Motion, Memorandum of Points and Authorities and supporting documents with this Court. Dkt. 16. Pursuant to the standing order, Rule 7, F. R. Civ. P. Rule 12, and Plaintiff's Opposition to Defendants' Motion to Dismiss and Request for Judicial Notice are timely if filed prior to June 8, 2021.

In the alternative, since Defendants unilaterally noticed a hearing for Defendants' 12(b)(6) motion for June 22, 2021, if this is deemed to trigger Local Rule L.R. 7-9. Plaintiff may be required to serve an opposition to the Motion no later than twenty-one (21) days before the June 22,2021, Thus only allowing fourteen (14) days to respond to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) and Defendants' Request for Judicial Notice. Therefore, Plaintiff asserts Insufficient notice has been given with regards to Defendants' 12(b)(6) motion due to lack of reasonable time. Plaintiffs were adhering to the aforementioned Federal and Local Rules of Civil Procedure Rule 12(a)(1)(c) and therefore intended to file a responsive pleading by June 8, 2021.

If there is a technical misapplication of the rules not in favor of the Plaintiff, Plaintiff requests that Court accept Plaintiff's filed responsive pleadings to Defendant's 12(b)(6) motion and Request for Judicial Notice. Dkt 20. Plaintiff requests the court, in the spirit of fairness and justice, to allow the Plaintiff to litigate the case on its merits, rather than having to force the Plaintiff to refile the lawsuit again in its entirety. Plaintiff requests to not have the case dismissed due to reasonable ambiguity with regards to technical filing rules. Additionally, Plaintiff

was not given sufficient time to prepare an adequate response to Defendant's 12(b)(6) because Defendant unfairly, unilaterally scheduled the motion only allowed for 14 to respond to Defendants aforementioned motion and request.

## II. DEFENDANTS CITATION TO SUPPLEMENTAL AUTHORITY IS NOT RELEVANT AND PLAINTIFF'S ALLEGATIONS ARE CLEARLY PLAUSIBLE

Defendants' citation to *Washington v. ViacomCBS, Inc.*, is entirely irrelevant to Relevant issues of this motion and serves no bases for dismissing this case with prejudice. Most importantly, despite Defendants' repeated and baseless denials as it pertains to the copyright infringement element of access, as disgust in greater detail in Plaintiff's Opposition Motion, Plaintiff has clearly and very plausibly alleged: (1) Defendants' had access to Plaintiff's animated-screenplay, based on the literal note written by Co-Defendant Stacey Snider – confessing access ("Snider's Evaluation Letter"). Dkt 7; Ex. 3. In said letter, Snider proceeds with providing in-depth feedback of Plaintiff's and indicates the ways she would alter Plaintiff's animated-screenplay for Bee Movie. Most notably, neither in Defendants' Motion to Dismiss nor Defendant's Request for Judicial Notice, do the Defendants' ever: (1) challenge the validity of Plaintiff's Copyright for his animated screenplay; or (2) nor do they deny the validity of the Evaluation Letter. Thus bolstering Plaintiff's valid claim for copyright infringement.

It is clear, Defendants' intent behind filing the Non-Opposition Notice was simply to avoid litigating this case on the merits.

For the aforementioned reasons, we ask that this deny Defendant Non-Opposition Notice and Motion to dismiss.

DATED:  June 4, 2021            THE LAW OFFICE OF FAHAD SHARIF, PC

By: *Roger L. Wilkerson*
FAHAD SHARIF (SBN 322563)
ROGER L. WILKERSON, III (SBN 327889)
Attorneys for Plaintiff
JOHN EVANS