**THE LAW OFFICE OF FAHAD SHARIF, PC**
FAHAD SHARIF, ESQ. (SBN# 322563)
*fshariflaw@gmail.com*
ROGER L. WILKERSON, III, ESQ. (SBN #327889)
*roger@lawrriorinc.com*
18960 Ventura Blvd #440
Tarzana, CA 91356
Telephone:  (310) 361-5614
Facsimile:   (310) 362-0434

Attorneys for Plaintiff, JOHN EVANS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **JOHN EVANS,** an individual, <br> Plaintiffs, <br><br> vs. <br><br> **NBCUNIVERSAL MEDIA, LLC**, a corporation**; UNIVERSAL PICTURES dba UNIVERSAL CITY STUDIOS, LLC**, a corporation;  **JERRY SEINFELD**, an individual; **STACEY SNIDER**, an individual; and DOES, 1 to 10, inclusive, <br> Defendants. | Case Number: 2:21-cv-00984-CBM-PD <br><br> **PLAINTIFF JOHN EVANS FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **REQUEST FOR JURY TRIAL** <br><br> **Complaint Filed:** February 5, 2021 <br><br> DATE:   August 2, 2021 <br> DEPT:   8B |

Plaintiff John Evans, by and through his attorneys of record, alleges as follows:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2.  The court has original subject matter jurisdiction of this action under 17 U.S.C. § 501, et seq., and 28 U.S.C. § 1367. Additionally, the court has jurisdiction pursuant to 28

1
**PLAINTIFF JOHN EVANS' COMPLAINT FOR COPYRIGHT INFRINGEMENT**

U.S.C. § 1331 and 1338(a).

3. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where defendant has committed acts of copyright infringement and had a regular and established place of business.

## THE PARTIES

4. Plaintiff JOHN EVANS ("Plaintiff") is a screenplay writer and resident of Los Angeles, California that does substantial business in Los Angeles, California.

5. Defendant NBCUNIVERSAL MEDIA, LLC, UNIVERSAL PICTURES, DREAMWORKS ANIMATION, LLC, a subsidiary of DreamWorks SKG ("DreamWorks") are all divisions of and wholly-owned subsidiaries of Universal City Studios LLC (collectively herein "Defendant" or "NBCUniversal").

6. NBCUniversal is a media conglomerate anchored by its broadcast network NBC, with more than 200 affiliate stations and its film division, Universal Studios is a Delaware corporation, with a place of business at 100 Universal City Plaza, Universal City, CA 91608. Comcast, one of the top US cable systems operators, is a Delaware corporation that owns NBCUniversal.

7. Defendant STACEY SNIDER (herein "Ms. Snider") was Co-Chairman of Universal Pictures from 1999 to 2006. Ms. Snider then became Co-Chairman/CEO of DreamWorks from 2006 to 2014. DreamWorks, in 2007, released the infringing animated film BEE Movie (herein "Infringing Film").

8. Defendant JERRY SEINFELD (herein "Mr. Seinfeld") is credited as the main actor and writer who worked in conjunction with DreamWorks to develop the infringing film.

9. NBCUniversal, a division of Comcast Corporation (hereinafter "CMCSA")

2
**PLAINTIFF JOHN EVANS' COMPLAINT FOR COPYRIGHT INFRINGEMENT**

in 2016, announced it completed its acquisition of DreamWorks Animation SKG Inc. The studio DreamWorks is now a part of the Universal Filmed Entertainment Group and a subsidiary of NBCUNIVERSAL MEDIA, LLC

10. The true names and capacities of the defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff is informed and believes, an thereon alleges, that each of the defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE defendants have been ascertained. NBCUniversal, Ms. Snider, Mr. Seinfeld, and DOES 1 - 10 are hereinafter collectively referred to as "Defendants."

11. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom. Plaintiff is informed and believes, and on that basis alleges, that NBCUniversal, Ms. Snider, Mr. Seinfeld, and DOES 1 - 10 have acted in concert and participation with each other concerning the claims in this Complaint. Plaintiff is informed and believes, and on that basis alleges, that each of NBCUniversal, Ms. Snider, Mr. Seinfeld, and DOES 1 - 10 were empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of original animated screenplay work entitled "Bee Movie", including the alternate title "The Bee Movie."

(Attached hereto as **Exhibit "1"** [United States Copyright Office Certificate of Registration for the Animated Screenplay Bee Movie, Reg# PAU2-399-668], herein referred to as "Bee Movie Copyright") which is the subject of this action throughout the United States and in perpetuity.

13.  Plaintiff JOHN EVANS has been writing screenplays for more than two decades, and his work has been submitted to several studios in Los Angeles.

14.  Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed protected work or derivatives of Plaintiff's protected work without his consent. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C.§§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of his work, to create derivative works, and to publicly display his work.

15.  Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted work. Defendants have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of Plaintiff's Bee Movie Copyright. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted work.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement – 17 U.S.C. §§ 106, et seq.

### (Direct, Contributory, Vicarious)

### (Against All Defendants)

16.  Plaintiff repeats and realleges the averments contained in paragraphs 1-15 as though fully set forth herein.

17.  Plaintiff is the sole owner of the copyright in an original work that is fixed in tangible media of expression.

4
**PLAINTIFF JOHN EVANS' COMPLAINT FOR COPYRIGHT INFRINGEMENT**

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

18. On April 14, 1999, then fifty-two (52) year old author and screenplay-writer, Mr. Evans, received a Certificate of Registration from the United States Copyright Office for the original animated screenplay work entitled "Bee Movie", including the alternate title "The Bee Movie". (Attached hereto as **Exhibit "1"** [United States Copyright Office Certificate of Registration for the Animated Screenplay Bee Movie, Reg# PAU2-399-668], herein referred to as "Bee Movie Copyright"). This was one of several literary works Mr. Evans had written at the time, but the first animated screenplay.

19. As an entrepreneur, Plaintiff manages each and every element of his writing business. He does all of the development, writing, and creation himself, with each being the sole product of his own creativity and hard work.

20. Knowing this original work was uniquely precious, Mr. Evans took the additional step of placing an original copy of his script into a sealed United States Post Service ("USPS") envelope, sealing that envelope with the intent of never opening it again unless to prove authenticity, sending the sealed envelope via USPS certified mail, post-marked March 29, 1999, to date his intellectual property, thereby helping to establish that the screenplay was and has been in his possession since that date. (Attached hereto as **Exhibit "2"** [John Evan's Poor-man's Copyright for "Bee Movie Copyright"]).

21. Plaintiff then began the process of submitting his script for "Bee Movie" to numerous studios. (Attached hereto as **Exhibit "3"** [John Evan's Animated Screenplay for "Bee Movie"] hereinafter "the screenplay"). Plaintiff's screenplay was widely disseminated amongst Hollywood studios. (Attached hereto as **Exhibit "4"** [Various Rejection Letters for the Animated Screenplay Bee Movie]).

22. From approximately 1999 to 2006, Stacey Snider was the Co-Chairman of Universal Pictures. Luella Stoker, an in-law to Mr. Evans at the time, worked as a house-keeper for Ms. Snider for the duration of 1999. As a favor to her house-keeper, Ms. Snider agreed to read and review Mr. Evans' original animated screenplay "Bee Movie."

23. On August 30, 1999, Mr. Evans received a detailed letter, evaluation and denial of further pursuance, from Stacey Snider, the then Co-Chairman of Universal Pictures, regarding the "Bee Movie" screenplay and a second live-action screenplay entitled

"Tomorrow Today.". (Attached hereto as **Exhibit "5"** [ Universal Pictures Evaluation Letter for the Animated Screenplay BEE Movie from Stacey Snider] , herein referred to as "Rejection Letter"). In the Rejection Letter, Defendant Snider clearly states:

> "Thank you for submitting BEE MOVIE.
>
> It's a humorous and entertaining story, and contained many delightful moments. Although it is not something the studio would like to pursue at this time, I would like to offer one of our story analyst's comments if you are interested in doing more work on your script. There's a cute idea for an animated feature here, with some promising character concepts. But the material could use some organization; the plot lacks focus. That's partially due to the way the story cuts back and forth between various characters very quickly at the start, which leads to some confusion. It would be good to hang out with the important bees for a longer stretch, so that we'd get to know them better and begin to root for them. The basic structure overall is what really needs attention. The "Rey and Bumble" storyline and the "Honey Bees v. Killer Bees" storyline never quite come together. There's little sense of a central conflict that builds to a satisfying climax. After all the fighting between Rey and Babe, a sudden fire accidentally set off by the Pastor saves the honey bee hive. Couldn 't Rey be more involved in the big finish?
>
> Set-ups for minor plot developments also lack pay-offs. For example, Babe gets threatened by Would Bee and Could Bee early on - but they then disappear from the plot until the big fight at the end. It's unclear what Rey's metamorphosis is all about; if it does actually occur, we never get to see it and understand it.
>
> While Rey is an appealing misfit, Honey Bee and his other friends are only sketchily suggested.  We get that Chubbee is overweight, but the other bees could use stronger personalities. The supporting characters in THE LION KING, for example, are all vivid and memorable, as are the  featured ants in ANTZ. Babe is on his way towards being a well-rounded bad guy, because he's insecure (no sting!); it would be great to see him as an even more "human" villain. It would also help to let the audience in on the rules of the story's world. While the writer has

obviously done research on types of bees and bee activities, the story would be even more fun and involving if more bee information could be conveyed. We'd like more of an explanation of why the killer bees are after the honey bees on the drones' behalf. A BUG'S LIFE, for example, laid out all the necessary information (i.e. concerning ants and grasshoppers) very clearly in its opening. John, I hope this will be helpful to you. Thanks again for thinking of me and I wish you the best of luck in seeing your project to fruition.

Warm regards,
Stacey Snider"

24. Specific alterations mentioned in the above letter by Defendant Snider are exhibited in the infringing film, thus adding veracity to the Plaintiff's claims.

25. In approximately 2005 – 2006, Defendant Snider left her role as Co-chairman of Universal Pictures in exchange for a position as Co-chairman and CEO of DreamWorks.

26. From 2005 to 2007, DreamWorks produced the animated infringing film entitled Bee Movie.

27. On November 1, 2007, as Co-chairman and CEO of DreamWorks, Ms. Snider released the infringing animated film title "Bee Movie" internationally, and on November 2, 2007, released the infringing film in the United States. The writer credits of the infringing film list a number of Hollywood's most famous and recognizable names, including but not limited to, Jerry Seinfeld, Spike Feresten, and Barry Marder. Noticeably, not credited is Mr. Evans. Development notes of the project state the clearly false claim that the film is "Based on an original idea by Jerry Seinfeld." (Attached hereto as **Exhibit "6"** [Studio System Film Information Sheet - Bee Movie (2007)]).

28. During that time, Defendant Seinfeld was the credited writer of the infringing film.

29. During Defendant Snider's tenure as CEO of Universal, and currently, NBCUniversal's business headquarters was on the Universal lot located at 100 Universal City Plaza., Universal City, CA 91608.

30. During the production of the infringing film, DreamWorks primary place of business was on the Universal lot as well, located at 100 Universal City Plaza., Universal City, CA 91608, in one of the numerous additional suites. ." (Attached hereto as **Exhibit "7"** [Bloomberg Company Profile, available at https://www.bloomberg.com/profile/company/6204Z:US ]).

31. From the time Defendant Snider worked for Universal, through the time she worked for DreamWorks, Defendant Snider maintained an office on the same aforementioned lot, sharing close proximity with all those involved with the production of the infringing film and the subsequent purchase of the film. Thus, the entity Defendants shared CEOs and physical addresses giving access to Plaintiff's animated screenplay for Bee Movie.

32. Currently, NBCUniversal's primary place of business is located at 100 Universal City Plaza., Universal City, CA 91608.

33. Based on admission, public knowledge, and simple searches of "publicly accessible websites" that Co-Defendant Snider, DreamWorks Pictures, DreamWorks Animation, its affiliated companies, its owners and Co-Defendant NBCUniversal have significant overlap as pertains to both personal friendships and professional relationships, including "not-so-discreet backroom discussions between Stacey Snider, Steven Spielberg and Comcast for Snider to take a top post at Universal Pictures." (Attached hereto as **Exhibit "8"** [DEADLINE.com article entitled DreamWorks Duo Stacey Snider and Steven Spielberg Staying Put, written by Mike Fleming Jr., dated August 14, 2012, available at https://deadline.com/2012/08/dreamworks-duo-stacey-snider-and-steve-spielberg-staying-put-318566/ ]).

34. Defendant Snider has a history of co-producing films such as "A Beautiful Mind" with DreamWorks while serving as Co-Chairman of Universal Pictures prior to her tenure as Co-Chairman/CEO of DreamWorks from 2006 to 2014." (Attached hereto as **Exhibit "9"** [Salon.com article entitled Hollywood Uncensored, written by Nikke Finke., dated March 29, 2002, available at https://www.salon.com/2002/03/29/miramax_skit/]).

35. On August 22, 2016, NBCUniversal, a division of Comcast Corporation

(hereinafter "CMCSA"), announced it completed its acquisition of DreamWorks Animation SKG Inc.  (Attached hereto as **Exhibit "10"** [Comcast press release article entitled NBCUniversal Completes DreamWorks Animation Acquisition, written by Comcast, dated August 22, 2016, available at https://www.cmcsa.com/news-releases/news-release-details/nbcuniversal-completes-dreamworks-animation-acquisition/]).). The studio DreamWorks is now a part of the Universal Filmed Entertainment Group.  Universal Filmed Entertainment Group is now a division of  NBCUniversal, which is now a division of Comcast Corporation.

36.   Currently, via multiple platforms such as Amazon, Netflix, and Microsoft X-box Movies Downloads, the infringing film entitled "Bee Movie" is still available for streaming and downloading. Collectively, DreamWorks, Stacey Snider, Jerry Seinfeld, Universal Filmed Entertainment Group, and the other potential Defendants are availing this infringing film without Mr. Evans' permission, for their own exploitation and profit.

37.   Domestically, the infringing film grossed roughly $126,597,121 dollars. Worldwide cumulative total earnings for the infringing film are $281,797,121 dollars.

38.   On November 1, 2007, Mr. Evans became aware of the animated film released by DreamWorks.

39.   The Defendants' infringing film copied numerous copyrightable elements of Plaintiff's work precisely, including but not limited to  the title and medium of the screenplay, dialogue, structure, themes, choices of shots, camera angles, colors, lighting, textual descriptors, and other artistic and expressive elements of Plaintiff's work. In utter shock and disbelief that such a major company would infringe upon his intellectual property.

40.   In an attempt to remedy this obvious infringement, Mr. Evans attempted to contact DreamWorks and Universal Filmed Entertainment Group via written communications, and sought legal counsel, but to no avail.

41. The Defendant's infringing film thus plagiarizes copyrightable elements of Plaintiff's proprietary work, and is either a copy thereof or a derivative work prepared therefrom.

42. The copyright protection his work enjoys should have deterred would-be thieves from copying and profiting from his work without his permission. In this case, copyright protection for Bee Movie did nothing to deter Defendants from copying Plaintiff's work and using it, without permission, for their own profit.

43. Defendants' wrongful actions caused Plaintiff severe distress. The experience detracted from Plaintiff's experience of sharing his work both psychologically and economically. Because of Defendants' wrongful acts, Plaintiff had to focus all of his efforts on dealing with his work being taken, copied, and used without his permission. The stress of watching his life's work being stolen from him, then produced in an international capacity, and the success of which then being attributed to one of the most popular actor-comedians, Co-Defendant Seinfeld, in modern history - led to significant mental anguish and distress that resulted in a collapse of Plaintiff's overall health as well as his personal finances.

44. The entity Defendants individually and collectively have and had a duty to perform title searches prior to developing, releasing, and profiting from the infringing film entitled Bee Movie and failed to do so.

45. On November 1, 2020, Plaintiff became aware of third party licensing deals related to the infringing film via Amazon Prime Video, Netflix, and Xbox Media Video Downloader.

46. On November 11, 2020 Plaintiff received a reply from Ms. Emily Birdwhistell in which she stated she was in-house litigation counsel for NBCUniversal Media, LLC, Universal Pictures, a division of Universal City Studios LLC, DreamWorks Animation, LLC ("DreamWorks"), and all related entities (collectively herein, "NBCUniversal"). (Attached hereto as **Exhibit "11"** [Reply from NBCUniversal, dated November 11, 2020]). Ms. Birdwhistell represented herself as an agent of all of Co-Defendant NBCUniversal's aforementioned affiliated subsidiaries, indicating a relationship between all the related entities.

47. Defendants NBCUniversal, Jerry Seinfeld, and Stacey Snider's actions, independently and collectively, have deprived my client of his due share in profits,

1  damaged his reputation, and unfairly injured his livelihood.

2  48. NBCUniversal Media, LLC, as the owner of the infringing film, failed to seek authorization, license, permission, or consent to use my client's creation has deprived him of his due share in profits, damaged his reputation and unfairly injured his livelihood.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

49. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

   (a) infringing, or contributing to or participating in the infringement by others of the copyright infringement of Bee Movie or acting in concert with, aiding and abetting others to infringe said copyright in any way;

   (b) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Bee Movie or infringing film to which Plaintiff is owner of exclusive rights under the respective copyrights or derivative works based thereon;

50. That Defendants be required to account for and pay over Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

51. For an award of costs under 17 U.S.C. § 504 statutory damages in the maximum amount of $150,000.00 for each separate copyright infringement committed by Defendants via digital download, licensing, or sale with respect to any alleged infringing acts that

occurred within the three-year statute of limitations period, dating back to February 5, 2018.

52. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

53. For an award of attorneys' fees pursuant to 17 U.S.C. § 505;

54. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

55. For a jury trial restitution of such sums of $300,000,000.00, or in an amount to be proved at trial.; and

56. For such other and further relief as the Court deems just and proper

//
//
//

Dated: August 2, 2021          THE LAW OFFICE OF FAHAD SHARIF, PC

                               By: _____
                               Roger L. Wilkerson, Esq.
                               Fahad Sharif, Esq.
                               Attorneys for Plaintiff,
                               JOHN EVANS

PLAINTIFF JOHN EVANS' COMPLAINT FOR COPYRIGHT INFRINGEMENT