**Emily Birdwhistell**
Senior Counsel, Litigation
NBCUniversal Media, LLC

100 Universal City Plaza
Building 1280, 9th Floor
Universal City, CA  91608

818 777-8360 Tel
Emily.birdwhistell@nbcuni.com

**NBCUniversal**

November 11, 2020

**VIA ELECTRONIC MAIL**
Roger L.Wilkerson, III, Esq.
Fahad Sharif, PC
18960 Ventura Blvd., #440
Tarzana, CA 91356
roger@lawrriorinc.com

      Re:   *John Evans v. Universal Filmed Entertainment Group, et al*.
              United States District Court Case No.: Not Yet Filed

Dear Mr. Wilkerson:

      I am in-house litigation counsel for NBCUniversal Media, LLC, Universal Pictures, a division of Universal City Studios LLC, DreamWorks Animation, LLC ("DreamWorks"), and all related entities (collectively herein, "NBCUniversal"). Your October 28, 2020 letter to Christopher Miller has been forwarded to me for response on behalf of any potential defendants. I have reviewed your letter and all attachments, and respectfully reject any claim against any entity or individual affiliated with the 2007 DreamWorks Animation animated film *Bee Movie* (herein, the "Film") or NBCUniversal as wholly unfounded.

      First, as Mr. Miller pointed out in his September 2019 email included in your letter, you have not, and cannot, demonstrate the access to Mr. Evans' work necessary to support a claim for copyright infringement. You assert that Mr. Evans submitted his script to Stacey Snider in 1999. Ms. Snider was an employee of Universal Pictures at that time and left the company in 2006[1].

      The Film, however, was not created, developed or produced by Universal Pictures or any other entity affiliated with NBCUniversal. DreamWorks Animation publicly announced in 2005[2] that it was producing the Film based on the idea and script

---

[1] Ms. Snider did go to DreamWorks Pictures after departing Universal, however, DreamWorks Pictures is a completely separate entity, unaffiliated with DreamWorks Animation as of 2004, and similarly had nothing to do with the Film.
[2] See, e.g., https://apnews.com/article/5224444fed16c02d2918a0e7d55c8c98

NBCUniversal:6091926v1

independently created by Jerry Seinfeld. Neither Universal Pictures nor Ms. Snider had any part in the creation, development or production of the Film. Indeed, as you recognize in your letter, NBCUniversal did not acquire DreamWorks Animation until August 22, 2016, nine years after the release of the Film. Please note that "[r]easonable access requires more than a bare possibility, and may not be inferred through mere speculation or conjecture." *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 824 (C.D. Cal. 2010) (emphasis added); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (same). You have fallen far short of demonstrating any possibility of access, and by your own admission[3], you are pursuing a claim against the wrong parties.

Second, you have not identified any protectable similarities between the Film and Mr. Evans' script that would be entitled to protection under copyright law. All the alleged similarities identified in your letter are generic elements—scenes à faire that would logically flow from a story about bees. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) ("scenes à faire, which flow naturally from generic plot-lines, are not protectable."); *see also Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir.2002); *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir.2002) (The analysis is whether "the protectable elements, standing alone, are substantially similar."). Certainly, you are not asserting that your client owns the idea of bees, their connection to honey and pollen, or the concepts of dangling one's feet over a ledge or meadows, just to name a few.

Third, your horn book recitation notwithstanding, you have provided no legal or factual support for the current settlement demand of $281,797,121.00, or nearly the total of the Film's worldwide box office. Nor could you. There is simply no support under the Copyright Act for such a demand, even were there liability, which as addressed above, there is not. 17 U.S.C. § 504.

Lastly, please be aware that should you choose to pursue these baseless claims, NBCUniversal will not hesitate to fully defend itself and seek all remedies available under law. This includes, but is not limited to, seeking sanctions under Federal Rule of Civil Procedure 11 for knowingly filing a lawsuit against the wrong parties, and seeking the recovery of our attorneys' fees. Under the fee-shifting provision of the Copyright Act, your client will be personally liable for such a fee award.

NBCUniversal makes every effort to be respectful of others' intellectual property rights, but respectfully disagrees that there is any liability for any claim against any potential defendant identified in your letter. The Film was independently created, no one involved with the creation of the Film had access to your client's script, and there are no protectable similarities in the works at issue.

---

[3] The information regarding the timeline of the DreamWorks Animation acquisition is all readily available with a simple internet search, as you must know since you accurately identified the acquisition time period in your letter.

NBCUniversal:6091926v1

      Nothing contained in or omitted from this letter shall be deemed an admission by NBCUniversal or any of its affiliates or any other party of any facts or a waiver of their rights, remedies or defenses, in law or in equity, all of which are expressly reserved.

                                        Very truly yours,

                                        */s/ Emily Birdwhistell*
                                        Emily Birdwhistell
                                        Senior Counsel, Litigation

cc:      Chris Miller (Christopher.c.miller@nbcuni.com)

NBCUniversal:6091926v1