AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
TIFFANY GELOTT (SBN 321951)
TGelott@ggfirm.com
LAUREN R. FISHELMAN (SBN 317601)
LFishelman@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN EVANS, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC, a corporation; UNIVERSAL PICTURES dba UNIVERSAL CITY STUDIOS, LLC, a corporation; JERRY SEINFELD, an individual; STACEY SNIDER, an individual, and DOES 1 to 10, inclusive,<br><br>       Defendants. | Case No.  2:21-cv-00984-CBM-PD<br><br>*Assigned to Hon. Consuelo B. Marshall*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF JOHN EVANS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:      September 14, 2021<br>Time:     10:00 a.m.<br>Ctrm:    8B<br><br>Original Complaint Filed:<br>February 4, 2021<br><br>First Amended Complaint Filed:<br>August 2, 2021 |

*(Left margin, vertical text)* GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP / 2049 Century Park East, Suite 2600 / Los Angeles, California 90067

1

2

**TABLE OF CONTENTS**

3

**Page**

I.     INTRODUCTION ...................................................................................... 5

II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ................. 6

III.   ARGUMENT ............................................................................................. 8

       A.    Legal Standard ............................................................................... 8

       B.    The Court Should Deny Leave to Amend Because Any
             Proposed Amendment is Futile ...................................................... 10

             1.    The Proposed SAC Would Be Futile Because It Still Fails
                   to Allege Any Specific Acts of Infringement by Any of
                   the Purported Defendants Within the Past Three Years ........... 10

             2.    The Proposed SAC Would Be Futile Because It Again
                   Fails to Plausibly Allege Access ............................................. 11

             3.    The Proposed SAC Would Be Futile Because It Again
                   Fails to Allege Substantial Similarity of Protected
                   Expression Between the Screenplay and the Film ................... 13

IV.    CONCLUSION ............................................................................................ 14

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Abbas v. Vertical Ent., LLC,*
  854 F. App'x 816 (9th Cir. 2021)................................................................11

*Chodos v. W. Publ'g Co. Inc.,*
  292 F.3d 992 (9th Cir. 2007)......................................................................9

*Fabozzi v. StubHub, Inc.,*
  2012 WL 506330 (N.D. Cal. Feb. 15, 2012)..............................................9

*Heidari-Mojaz v. Arreguin,*
  2020 WL 6541991 (C.D. Cal. Sept. 18, 2020)..........................................14

*Johnson v. Buckley,*
  356 F.3d 1067 (9th Cir. 2004)......................................................................9

*Leadsinger v. BMG Music Publ'g,*
  512 F.3d 522 (9th Cir. 2008)......................................................................9

*Loomis v. Cornish,*
  836 F.3d 991 (9th Cir. 2016)......................................................................11

*Marcus v. ABC Signature Studios, Inc.,*
  279 F. Supp. 3d 1056 (C.D. Cal. 2017)......................................................14

*Moore v. Kayport Package Express, Inc.,*
  885 F.2d 531 (9th Cir. 1989)......................................................................9

*Nordyke v. King,*
  644 F.3d 776 (9th Cir. 2011)......................................................................9

*Paramount Pictures Corp. v. RePlayTV,*
  298 F. Supp. 2d 921 (C.D. Cal. 2004)........................................................9

*Petrella v. Metro-Goldwyn-Mayer, Inc.,*
  572 U.S. 663 (2014) ..................................................................................10

*Rentmeester v. Nike, Inc.,*
  883 F.3d 1111 (9th Cir. Feb. 27, 2018)......................................................14

*Rutman Wine Co. v. E. & J. Gallo Winery,*
  829 F.2d 729 (9th Cir. 1987)......................................................................9

*Thomas v. Walt Disney,*
  2008 WL 425647 (N.D. Cal. Feb. 14, 2008)..............................................14

*Three Boys Music Corp. v. Bolton,*
  212 F.3d 477 (9th Cir. 2000)......................................................................11

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES
### (continued)

Page

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ................................................................. 8

**FEDERAL STATUTES**

17 U.S.C § 507(b) ................................................................................... 10

**OTHER AUTHORITIES**

Central District Local Rule 7-3 ............................................................... 8

Fed. R. Civ. Proc. 12(b)(6) ..................................................................... 9

Fed. R. Civ. Proc. 15(a) .......................................................................... 8

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## I.      **INTRODUCTION**

Plaintiff John Evans' ("Plaintiff") motion for leave to file a Second Amended Complaint (Dkt 29, "Motion") underscores the utter futility of his copyright infringement claim and confirms why Defendants'[1] pending Motion to Dismiss Plaintiff's First Amended Complaint (Dkt 30) should be granted without further leave to amend.

In what is now his third bite at the apple, Plaintiff has *still* not addressed the critical deficiencies with his copyright claim, as identified in the Court's July 23, 2021 Order granting Defendants' initial motion to dismiss (Dkt 27). These include Plaintiff's failure to allege (a) any specific infringing acts committed by any defendant within the last three years; (b) any non-speculative allegations of access; or (c) any substantive description of the works, let alone plausible allegations of substantial similarity.  Plaintiff needed to cure *all* of these deficiencies to survive a further motion to dismiss.

Plaintiff failed to cure *any* of them, instead filing a First Amended Complaint ("FAC") that suffered from the very same defects, as explained in detail in Defendants' currently pending Motion to Dismiss the FAC.  Apparently recognizing the FAC's shortcomings, Plaintiff now seeks leave to file a proposed Second Amended Complaint (the "Proposed SAC").  But the Proposed SAC, like the FAC before it, continues to suffer from all of the same deficiencies the Court already identified.  The Proposed SAC still fails to allege any specific acts of purported infringement within the last three years by any defendant (including the two new defendants Plaintiff seeks to add), any plausible allegations of access, or any non-conclusory allegations of substantial similarity.

Plaintiff's Motion and Proposed SAC simply confirm that he is unable to

---

[1] Defendants are NBCUniversal Media, LLC ("NBCUniversal"), Universal Pictures, a division of Universal City Studios LLC (erroneously sued as "Universal Pictures dba Universal City Studios, LLC) ("Universal Pictures"), Jerry Seinfeld ("Seinfeld"), and Stacey Snider ("Snider").

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

state a valid claim for copyright infringement, despite having had multiple opportunities to do so.  Because the Proposed SAC (like the FAC) could not withstand a motion to dismiss, amendment would be futile.  It is beyond time for this case, and Plaintiff's ongoing waste of judicial and party resources, to come to an end.  Plaintiff's motion for leave to file the Proposed SAC should be denied.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff filed the original Complaint in this action on February 4, 2021 (Dkt 7).  As the Court now well knows, Plaintiff alleges that he is a writer who registered his screenplay for an animated work entitled "Bee Movie" with the U.S. Copyright Office on April 14, 1999 (the "Screenplay"). Proposed SAC, ¶¶4, 19.

According to Plaintiff, in 1999, Defendant Stacey Snider ("Snider"), then Co-Chairman of Universal Pictures, agreed to read and review Plaintiff's Screenplay as a favor to her housekeeper, who was one of Plaintiff's in-laws. Proposed SAC, ¶23.  On August 30, 1999, Plaintiff received a rejection letter from Snider. Proposed SAC, ¶24.

Plaintiff alleges that "[i]n approximately 2005 – 2006, Defendant Snider left her role as Co-chairman of Universal Pictures in exchange for a position as Co-chairman and CEO of DreamWorks." Proposed SAC, ¶26.[2]

---

[2] Like both the original Complaint and FAC, the Proposed SAC further intentionally conflates "DreamWorks Animation," the independent publicly traded company that produced the 2007 animated film *Bee Movie*, with the live action studio "DreamWorks," which employed Snider after she left Universal Pictures. However, the SAC attaches and incorporates by reference an exhibit which confirms that at all times relevant to Plaintiff's claims, DreamWorks Animation was a completely separate company from DreamWorks Studios (Exhibit 8, Dkt 29-7 at pp. 2-3).  Despite attaching an exhibit confirming the separate nature of the companies, Plaintiff nevertheless continues to mislead the Court by suggesting that these two distinct companies are one and the same. *See, e.g.*, Proposed SAC, ¶¶26, 27, 36, 48.  Moreover, Plaintiff now seeks to add a new defendant identified as "DreamWorks SKG" which Defendants are informed and believe is not an extant entity.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

6

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

In November 2007, Plaintiff alleges that Snider, purportedly in her role as "Co-chairman and CEO of DreamWorks," released the 2007 animated film *Bee Movie* (the "Film"), which Plaintiff claims infringes his Screenplay.  The Film's credits state that it is "Based on an original idea by Jerry Seinfeld," and Seinfeld is a credited writer. Proposed SAC, ¶¶28-29.

On August 22, 2016, NBCUniversal announced that it had completed its acquisition of DreamWorks Animation SKG Inc.[3] and, as alleged by Plaintiff, "the studio DreamWorks is now part of the Universal Filmed Entertainment Group." Proposed SAC, ¶36.  Plaintiff further alleges that "Universal Filmed Entertainment Group is now a division of NBC Universal[.]" *Id.*

Plaintiff concedes that he has been aware of the Film since it was first released on November 1, 2007. Proposed SAC, ¶39.  Nevertheless, he waited nearly 14 years to file his lawsuit against Defendants.

On July 23, 2021, the Court granted Defendants' motion to dismiss the original Complaint (Dkt 27).  The Court dismissed Plaintiff's claims for unfair competition, intentional infliction of emotional distress, and negligent infliction of emotional distress without leave to amend (Dkt 27, at 13:2-13).  With respect to Plaintiff's copyright claim, the Court identified three key deficiencies.  First, Plaintiff failed to allege a single infringing act by any of the Defendants within the applicable three-year statute of limitations (Dkt 27, at 7:6-13).  Second, Plaintiff failed to allege any facts giving rise to a plausible inference that the Defendants involved in the creation of the Film ever had access to the Screenplay (Dkt 27, at 8:17-9:23).  Third, Plaintiff failed to allege any non-conclusory facts which would establish that the Film and the Screenplay are substantially similar as a matter of law (Dkt 27, at 10:3-19).  The Court dismissed Plaintiff's copyright claim with

---

[3] DreamWorks Animation SKG Inc. was the publicly traded parent company of DreamWorks Animation LLC which produced and owns the copyright in the Film.

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

leave to amend, giving Plaintiff an opportunity to correct these deficient allegations if he was able (Dkt 27, at 10:20-23).

On August 2, 2021, Plaintiff filed his First Amended Complaint ("FAC"), alleging a single cause of action for copyright infringement (Dkt 28).  Other than removing the three claims previously dismissed by the Court with prejudice, the FAC was virtually identical to the original Complaint and failed to correct *any* of the deficiencies the Court identified in the original Complaint.  Accordingly, on August 16, 2021, Defendants filed a motion to dismiss the FAC (Dkt 30).  However, just one week after filing his FAC, Plaintiff prematurely filed the Proposed SAC[4] (Dkt 29).

Plaintiff's Proposed SAC alleges a single cause of action for copyright infringement. Proposed SAC, ¶¶17-53.  Plaintiff also purports to add two new party defendants, Steven Spielberg and a "DreamWorks SKG," which Plaintiff erroneously alleges exists and incorrectly asserts is the parent company of DreamWorks Animation LLC and a "wholly-owned" subsidiary of Universal City Studios LLC. Proposed SAC, ¶¶5, 9.

## III.   ARGUMENT

### A.   Legal Standard

Despite the liberal amendment policy of Federal Rule of Civil Procedure 15(a), leave to amend "'is not to be granted automatically.'" *Zivkovic v. S. Cal.*

---

[4] On August 9, 2021, one week prior to filing their motion to dismiss the FAC, Defendants' counsel met and conferred with Plaintiff's counsel, as required by Local Rule 7-3.  Less than two hours before the scheduled meet and confer call on Defendants' motion, Plaintiff's counsel informed Defendants that Plaintiff intended to seek leave to file the Proposed SAC.  Local Rule 7-3 requires parties to meet and confer <u>seven days prior</u> to the filing of a motion.  Plaintiff ignored this rule and instead filed the instant motion on the same day as the parties' meet and confer conference. *See* Declaration of Roger Wilkerson (Dkt 29-2, at ¶7).  For this reason alone, Plaintiff's motion should be denied.  However, even if the Court excuses Plaintiff's latest failure to comply with the Local Rules, Plaintiff's motion should be denied pursuant to Federal Rule of Civil Procedure 15(a).

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

*Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)).  A district court "may deny leave to amend a complaint due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Leadsinger v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming dismissal without leave to amend because any amendment would be futile) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court's discretion to deny leave to amend is "'particularly broad'" where the Court has previously granted leave to amend. *Chodos v. W. Publ'g Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2007) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

Futility is, by itself, sufficient to justify denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend") (citations omitted); *see also Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 927-29 (C.D. Cal. 2004) ("The futility of the proposed amendment precludes the Court from granting leave to amend"); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.")

"An amendment is futile if a proposed claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Fabozzi v. StubHub, Inc.*, 2012 WL 506330, at *3 (N.D. Cal. Feb. 15, 2012); *see also Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) ("A proposed amended complaint is futile if it would be immediately 'subject to dismissal'") (citations omitted); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal").

As discussed below, the Proposed SAC utterly fails to address the

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

fundamental deficiencies identified by the Court that warranted dismissal of the original Complaint, and which were not corrected by the FAC.  The Proposed SAC is futile and the Court should deny Plaintiff leave to file it, particularly in light of his repeated attempts to unsuccessfully state a claim for copyright infringement.

## B.   The Court Should Deny Leave to Amend Because Any Proposed Amendment is Futile

### 1.   The Proposed SAC Would Be Futile Because It Still Fails to Allege Any Specific Acts of Infringement by Any of the Purported Defendants Within the Past Three Years

As the Court previously held, Plaintiff's copyright infringement claim is time-barred as to any alleged infringement that occurred more than three years prior to Plaintiff filing his initial complaint on February 4, 2021 (Dkt 27, at 6:20-22). *See* 17 U.S.C § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014).  In dismissing the original Complaint, the Court granted Plaintiff leave to amend to assert "additional facts, *if any*, regarding any particular acts of infringement by *each defendant* during the three-year limitation period." (Dkt 27, at 7:6-13 (emphasis added)).

Notwithstanding the opportunity to amend, and as discussed in Defendants' pending motion to dismiss, the allegations in the FAC were nearly verbatim to those the Court already found deficient.  In the Proposed SAC, Plaintiff likewise fails to address, much less overcome, these fatal deficiencies.  The Proposed SAC includes these same deficient allegations and fails to offer a single new allegation of *any* infringing act in the three years preceding the filing of his Complaint.  Instead, Plaintiff includes only a single sentence alleging that Defendants (without differentiation) "failed to obtain Plaintiff's permission to use his copyright for all aforementioned third party licensing deals within three years the date [sic] this Complaint was filed, February 4, 2021." Proposed SAC, ¶37.  This is not an

10

allegation of infringing conduct (let alone specific infringing conduct by a specific defendant).  Instead, it is an allegation that, if there were any licensing deals within the last three years (which Plaintiff does not allege), Defendants failed to obtain Plaintiff's permission.  Plaintiff still does not allege any act of exploitation—no allegation that a Defendant in fact licensed the Film or engaged in any other infringing conduct at any time since the Film was released in 2007, let alone in the past three years.

Despite three attempts to do so, Plaintiff has not specifically identified, let alone adequately alleged, any particular acts of infringement by any of the existing defendants during the three-year limitations period.  However, through the Proposed SAC, Plaintiff nonetheless purports to add two entirely *new* defendants, Steven Spielberg and DreamWorks SKG.  But as with the existing Defendants, the Proposed SAC fails to allege that either of the purported new defendants engaged in any conduct that would constitute an act of infringement, let alone any act of infringement within the last three years. Proposed SAC, ¶37.

In light of these persistent defects, the Proposed SAC could not withstand a motion to dismiss and amendment would be futile. *See Abbas v. Vertical Ent., LLC,* 854 F. App'x 816 (9th Cir. 2021) (district court did not abuse its discretion in denying leave to amend where plaintiff did not provide facts that would remedy time-barred copyright claim).

## 2.    The Proposed SAC Would Be Futile Because It Again Fails to Plausibly Allege Access

In order to plead access in a copyright case, a plaintiff must sufficiently allege "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Loomis v. Cornish,* 836 F.3d 991, 995 (9th Cir. 2016) (internal quotation marks and citation omitted).  Access "may not be inferred through mere speculation or conjecture." *Three Boys Music*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   *Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (overruled on other grounds in

2   *Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051

3   (9th Cir. 2020)).

4         In its July 23, 2021 Order, the Court recognized that Plaintiff's original

5   Complaint failed to plausibly plead access and granted Plaintiff leave to amend to

6   attempt to remedy the defects in his pleading.  However, Plaintiff's FAC continued

7   to advance the identical access theory that the Court already found insufficient.

8   Here, despite a third attempt at amendment, the Proposed SAC fares no better.

9         Plaintiff asserts that his "changes to the proposed SAC are solely to plausibly

10  allege a nexus between the Defendants in accordance with this Court's July 23,

11  2021 order." (Dkt 29, at 5:8-10).  Despite this pronouncement, the minor changes in

12  the Proposed SAC do not come anywhere close to alleging a reasonable possibility

13  that anyone involved in the creation of the Film received Plaintiff's Screenplay.

14        In his new allegations pertaining to access in the Proposed SAC,[5] Plaintiff

15  asserts that Snider "had an extremely close and working [sic] relationship with

16  Defendant Spielberg, and other top representatives of Dreamworks, prior to her

17  transition, including sending screenplays to other executives." Proposed SAC, ¶48.

18  Plaintiff also alleges that he "previously mailed [unidentified] scripts to

19  DreamWorks SKG headquarters located on the NBCUniversal lot." Proposed SAC,

20  ¶49.  However, Plaintiff's new allegations do not plausibly allege access as to any

21  of the existing Defendants or proposed additional ones and are thus futile.

22  Significantly, whatever Plaintiff mailed to "DreamWorks SKG" in April 1996

23  (Proposed SAC, Exh. 15), it definitely was not his "Bee Movie" script.  Plaintiff's

24  copyright registration establishes that he did not complete his script until 1999

25  (Proposed SAC, Exh. 1) and he admits he did not submit it to anyone before April

26  1999. Proposed SAC, ¶¶19-22 (noting that *after* registering the script and mailing a

27  ───────────────

28  [5] Though Dkt 29-5 purports to show a "Proposed SAC Redline," the redlined material includes various revisions that already appeared in the FAC.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

copy to himself in March and April 1999, "Plaintiff then began the process of submitting his script for 'Bee Movie' to" third parties).

Though Plaintiff alleges the existence of a close relationship between Snider and Spielberg, he *still* fails to allege (nor can he) that Snider gave the Screenplay to any of the existing Defendants, to either of the two proposed additional defendants, or to *anyone* involved in the creation of the Film.  Rather, the Proposed SAC continues to improperly rely upon conjecture to fill the gaps regarding access that Plaintiff cannot.  And not one of Plaintiff's new allegations, including those regarding Spielberg or DreamWorks SKG, gives rise to any plausible chain of events establishing that Seinfeld, NBCUniversal, or Universal Pictures had access to the Screenplay.  Additionally, and as noted above, though Plaintiff attempts to suggest that his allegation that he "previously mailed scripts to DreamWorks SKG headquarters located on the NBCUniversal lot" bears at all on the issue of access, whatever he sent was **_not_** the Screenplay.

Plaintiff's ill-conceived and wildly speculative suppositions do not suffice to adequately plead access.  Because the Proposed SAC still fails to plausibly allege access, amendment would be futile.

### 3. The Proposed SAC Would Be Futile Because It Again Fails to Allege Substantial Similarity of Protected Expression Between the Screenplay and the Film

As an initial matter, like the FAC, the Proposed SAC fails to allege any purported substantial similarities between the Film and the Screenplay.  The Proposed SAC does not add even a single new allegation of substantial similarity.  Instead, it once again rests entirely on conclusory allegations that the Court has already found are insufficient (Dkt 27, at 10:12-13 & n.10).  For this reason alone, the Proposed SAC would be subject to dismissal and is therefore futile.

What's more, though, and as discussed in Defendants' currently pending

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

13

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

motion to dismiss the FAC, because the Screenplay and the Film are not substantially similar under the extrinsic test as a matter of law, and because no amendment can cure that deficiency, the Proposed SAC is unquestionably futile. *See, e.g.*, *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1073 (C.D. Cal. 2017) (dismissing copyright infringement claim without leave to amend where amendment would be futile "[b]ecause substantial similarity is 'a defect that cannot be cured by an amended complaint'") (citing *Silas v. HBO, Inc.*, 201 F. Supp. 3d 1158, 1171 (C.D. Cal. 2016)); *Thomas v. Walt Disney*, 2008 WL 425647, at *6 (N.D. Cal. Feb. 14, 2008) ("leave to amend would be futile" where court's rejection of copyright infringement claim was based on a review of the works themselves); *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123 (9th Cir. Feb. 27, 2018) ("[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar [to Plaintiff's work]") (overruled on other grounds in *Skidmore*, 952 F.3d 1051); *Heidari-Mojaz v. Arreguin*, 2020 WL 6541991, at *3 (C.D. Cal. Sept. 18, 2020) (Marshall, J.).  Plaintiff cannot allege substantial similarity as a matter of law.  Thus, amendment would be futile.

## IV.   CONCLUSION

The allegations in Plaintiff's Proposed SAC fail, for the third time, to state a claim for copyright infringement and would immediately be subject to a motion to

/ / /
/ / /
/ / /

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1  dismiss.  Accordingly, Plaintiff's motion for leave to file the proposed Second

2  Amended Complaint should be denied.

3  DATED:  August 24, 2021          GREENBERG GLUSKER FIELDS
                                    CLAMAN & MACHTINGER LLP
4

5

6  By: _____
                                    AARON J. MOSS (SBN 190625)
7                                   TIFFANY GELOTT (SBN 321951)
                                    LAUREN R. FISHELMAN (SBN 317601)
8                                   Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28