**THE LAW OFFICE OF FAHAD SHARIF, PC**
FAHAD SHARIF, ESQ. (SBN# 322563)
*fshariflaw@gmail.com*
ROGER L. WILKERSON, III, ESQ. (SBN #327889)
*roger@lawrriorinc.com*
18960 Ventura Blvd #440
Tarzana, CA 91356
Telephone:  (310) 361-5614
Facsimile:  (310) 362-0434

Attorneys for Plaintiff, JOHN EVANS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **JOHN EVANS,** an individual,<br>        Plaintiffs,<br><br>        vs.<br><br>**NBCUNIVERSAL MEDIA, LLC**, a corporation**; UNIVERSAL PICTURES dba UNIVERSAL CITY STUDIOS, LLC**, a corporation;  **JERRY SEINFELD**, an individual; **STACEY SNIDER**, an individual;  and DOES, 1 to 10, inclusive,<br>        Defendants. | Case Number: 2:21-cv-00984-CBM-PD<br><br>*Assigned to Hon. Consuelo B. Marshall*<br><br>**PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**REQUEST FOR JURY TRIAL**<br><br>Initially Filed**:**    February 4, 2021<br>SAC Filed:        August 9, 2021<br>Hearing Date:    September 14, 2021<br>Time:                10:00am<br>Department:       8B |

**PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

1

THE LAW OFFICES OF FAHAD SHARIF, PC
18940 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

# TABLE OF CONTENTS

**I.     INTRODUCTION** ............................................................4

**II.    LEGAL STANDARD** .......................................................5

**III.   ARGUMENT** ...................................................................8

A. Plaintiff Filed His Motion For Leave to File His Second Amended Complaint Prior to Defendants Filing Their Motion To Dismiss Plaintiff's FAC

B. The Proposed SAC is Filed in Good Faith. ............................9

C. Plaintiff's Motion is Timely and Will Not Cause Undue Delay. .............9

D. Plaintiff's Proposed SAC Will Not Prejudice Defendants. ....................9

E. Filing the Proposed SAC Is Not Futile. ...................................9

F. The Proposed Amendments Are Necessary and In Furtherance of Justice. ................................................................11

**IV.    CONCLUSION** .............................................................11

2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

**PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1

# **TABLE OF AUTHORITIES**

2

**Cases**

3
*DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) ................6,9,10

4
*U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981) ..........................................6

5
*Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) .........................6

6
*Foman v. Davis,* 371 U.S. 178, 182 (1962); ...........................................6,10

7
*Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003)..............6

8
*Shaw v. Burke*, No. 17-cv-2386, 2018 WL 2459720, at *3 (C.D. Cal. May 1, 2018) .....6

9
*Peter F. Gaito Architecture LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir.

10
   2010)……………………………………………………………………..7

11
*Knieval v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)……………………………………7

12
*Jorgensen v. Epic/Sony Records,* 351 F.3d 46 (2d Cir. 2003)………………………7

13
*Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987) .................................9

14
*Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)...................................9

15
*Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1400 (9th Cir. 1984). ......10

16
*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.,* 701 F.2d 1276, 1293 (9th Cir.

17
   1983)................................................................................................10

18
*Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622-23 (9th Cir. 2004) ......................10

19

20

**Statutes**

21
Central District Local Rule 7-3................................................................4

22
Fed. R. Civ. P. 15(a)(2) ........................................................................6

23
Fed. R. Civ. P. 15(a)(1)(B) ...................................................................8

24

25

26

27

28

*THE LAW OFFICES OF FAHAD SHARIF, PC*
*18940 VENTURA BLVD., SUITE 440*
*TARZANA, CALIFORNIA 91436*
*Telephone: (310) 361-5614; Facsimile: (310) 362-0434*

**PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case arises from a claim of copyright infringement initially filed by Plaintiff on February 4, 2021, ("Complaint"). The gravamen of Plaintiff's complaint alleges that the Defendants, individually and collectively, solicited Plaintiff's animated-screenplay for Bee Movie, confessed to access of Plaintiff's animated-screenplay, and are now purposefully availing the infringing-film for their own profit and exploitation without Plaintiff's permission. The manner in which the Defendants engaged in this form of copyright infringement highlights an apparent conflict and under-developed section of copyright law. On May 10, 2021, counsels conducted the first conference pursuant to Central District Local Rule 7-3. Declaration of Roger L. Wilkerson, III, Esq. ("Wilkerson Decl."), ¶3. At that conference, Plaintiff's counsel advised defense counsel of Plaintiff's intent to name additional defendants, should additional facts arise and or if the Court necessitates it. *Id.* On July 23, 2021, this court granted leave to amend Plaintiff's claim for copyright infringement to the extent it is based on any alleged infringement that occurred within three years from the date the Complaint was filed. (Dkt. No. 27.) Additionally, the Court made several references regarding the nexus between Defendant Stacey Snider and the producers of the infringing film. *Id.* The court ordered that Plaintiff's First Amended Complaint ("FAC") be filed no later than August 3, 2021. *Id.* On July 28, 2021, and July 29, 2021, counsel for Plaintiff and Defendants met and conferred regarding the FAC, establishing deadline of August 2, 2021, to accept Plaintiff's settlement demand. Wilkerson Decl., ¶4. When the aforementioned deadline elapsed, on August 2, 2021, Plaintiff filed the FAC. (Dkt. No. 28.) On August 6, 2021, Plaintiff provided his counsel with newly discovered potential evidence in the form of a mailing receipt from Plaintiff to proposed Defendant DreamWorks SKG ("DreamWorks"). Wilkerson Decl.,¶5; Sec. Amend. Compl., ¶49, **Ex. 15**. Plaintiff recently discovered the

4

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

1   receipt while searching through old documents and files. Wilkerson Decl., ¶6. The

2   receipt exhibits that DreamWorks SKG has and had its headquarters at 100

3   Universal City Plaza, Universal City, CA 91608, in 1993. Wilkerson Decl., ¶5.

4   Thus, DreamWorks, who produced the subject infringing film, Bee Movie, shared

5   the same physical address as Co-Defendant and current infringer NBCUniversal

6   Media, LLC ("NBCUniversal"). DreamWorks SKG, owned by proposed

7   defendant Steven Spielberg at the time the infringing film was produced. Sec.

8   Amend. Compl., ¶9; Wilkerson Decl., ¶5. All additional changes to the proposed

9   SAC are solely to plausibly allege a nexus between the Defendants in accordance

10  with this Court's July 23, 2021 order. (Dkt. No. 27.) On August 9, 2021, counsel

11  for both parties met and conferred regarding Plaintiff's intent to file a Motion for

12  Leave to file a Second Amended Complaint. Wilkerson Decl., ¶7. On August 9,

13  2021, Plaintiff filed Motion for Leave to file a Second Amended Complaint. (Dkt.

14  29.)

15         Subsequently on August 16, 2021, the Defendants filed their Motion to

16  Dismiss Plaintiffs First Amended Complaint. (Dkt. 30.) On August 24, 2021, the

17  defense filed Defendants' Opposition To Plaintiff John Evans' Motion For Leave

18  To File Second Amended Complaint. (Dkt. 34.)

19

20  **II.    LEGAL STANDARD**

21         Plaintiff opposes Defendants Motion To Dismiss Plaintiffs First Amended

22  Complaint because Plaintiff's Complaint does plausibly allege access to Plaintiff's

23  original screenplay, copying, and substantial similarity in literally the medium and

24  name of the animated screenplay. Although, Judge Marshall clearly stated in her July

25  23, 2021, Order, "While the Complaint must allege non-conclusory facts regarding

26  substantial similarity to satisfy *Iqbal*'s pleading standards, the Court would decline to

27  conduct a substantial similarity test comparing the works at the pleading stage

28  because additional evidence such as expert testimony may help inform the question

**PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

of substantial similarity in this case. *See Alfred v. Walt Disney Co.*, 821 F. App'x 727, 729 (9th Cir. 2020)." (Dkt. 27, p. 10, footnote 11.) Thus, Defendant's argument is moot.

Requests for leave to file the SAC pursuant to Federal Rule 15(a), which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The U.S. Court of Appeals for the Ninth Circuit has stated that "[R]ule 15's policy of favoring amendments should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Additionally, the Ninth Circuit has held that a district court should resolve a motion to amend "with all inferences in favor of granting the motion." *Griggs v. Pave Am. Grp.,* 170 F.3d 877, 880 (9th Cir. 1999) (citing *Leighton*, 833 F.2d at 186).

Courts consider four factors in determining the propriety of a motion to amend: bad faith, undue delay, prejudice to the opposing party, or futility of the amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Griggs,* 170 F.3d at 880.

The Ninth Circuit has held that prejudice to the opposing party is the strongest factor and that absent prejudice, or "a strong showing" of the other factors, a "presumption" exists in favor of granting the leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original); see also *Shaw v. Burke*, No. 17-cv-2386, 2018 WL 2459720, at *3 (C.D. Cal. May 1, 2018) ("There is a presumption that leave to amend should be granted."). This liberal standard applies to amending parties as well as causes of action. *Leighton*, 833 F.2d at 186.

When deciding a motion to dismiss, a court must accept "all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *OSU Student Alliance v. Ray,* 699 F.3d 1053, 1058 (9th Cir. 2012);

THE LAW OFFICES OF FAHAD SHARIF, PC
18940 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

see also *Guillen v. Bank of America Corp.*, No. 5:10-cv-05825, 2011 WL 4071996 (N.D. Cal. 2011). Moreover, a court must "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). A complaint meets this standard when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." Id.

Although motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are typically confined to the allegations in the pleadings, the Ninth Circuit does permit consideration of documents incorporated by reference in or integral to the allegations in a complaint in resolving Rule 12(b)(6) motions.  See, e.g., *Peter F. Gaito Architecture LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010);  *Knieval v. ESPN*, 393 F.3d 1068 (9th Cir. 2005). Under this rule, courts regularly review the allegedly infringed and infringing works on Rule 12(b)(6) motions.

Additionally, the Corporate Receipt Doctrine is an evidentiary doctrine that, if there is proof that a document was given to and received by an officer or employee of a corporation, it is presumed that every employee/officer has had access to that document, however bare corporate receipt without any allegation of a nexus between the recipients and the alleged infringers, is insufficient to raise a triable issue of access." *Jorgensen v. Epic/Sony Records,* 351 F.3d 46 (2d Cir. 2003). As discussed in greater detail below, here, the Plaintiff alleges access based on Defendants' letter confessing to such access (see Ex. 3 and 7) and is only invoking the corporate receipt doctrine as a supplemental validation of access amongst the Defendants.

PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

## III.   __ARGUMENT__

Plaintiff readily qualifies for leave to amend its First Complaint. The proposed SAC is filed in good faith, is timely, will not cause undue prejudice to defendants or the added parties, is clearly not futile, and all proposed amendments are necessary and in furtherance of justice. Plaintiff seeks to amend the complaint because Plaintiff's counsel became aware of newly articulated facts suggesting the named and proposed defendants collectively infringed upon Plaintiff's copyright and to plausibly allege a nexus between the Defendants in accordance with this Court's July 23, 2021 order. (Dkt. No. 27.) Plaintiff contends Defendants assertion that Plaintiffs First Amended Complaint or Plaintiff's Second Amended Complaint is futile because as stated in Plaintiff has plausibly alleged all elements of copyright infringement against the Defendants.

### A.   Plaintiff Filed His Motion For Leave to File His Second Amended Complaint Prior to Defendants Filing Their Motion To Dismiss Prior to Defendants Filing Their Motion To Dismiss Plaintiff's FAC

Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint should be granted and Defendants Motion to Dismiss Plaintiff's FAC should not hinder nor be considered for that decision. If a plaintiff files an amended complaint under Rule 15(a)(1) while a motion to dismiss is pending, the court has discretion to "transfer" the motion to the new complaint (assuming the motion is still responsive to the amended complaint) or it can require the defendant to file a new motion (if, for example, resolving the motion in light of the new complaint would cause confusion or delay). on August 16, 2021, the Defendants file their Motion to Dismiss Plaintiffs First Amended Complaint. On August 24, 2021, the defense filed Defendants' Opposition To Plaintiff John Evans' Motion For Leave To File Second Amended Complaint. (Dkt. 30.) Thus, Plaintiff's Motion for Leave to File his SAC should be granted regardless of Defendants Motion to Dismiss.

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

## B.  The Proposed SAC is Filed in Good Faith.

Plaintiff opposes Defendants' Motion to Dismiss and requests his motion for leave to amend in good faith, and not for purposes of delay or to avoid an adverse judgment. There are no facts in the record indicating that Plaintiff's motion has been filed in bad faith. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (upholding a bad faith finding when plaintiff moved to amend in order to add a defendant to destroy diversity jurisdiction). Thus, Plaintiff's Proposed SAC is not futile.

## C.  Plaintiff's Motion is Timely and Will Not Cause Undue Delay.

Plaintiff's motion is timely filed and will not cause undue delay. *See Leighton*, 833 F.2d at 187. The Ninth Circuit has held that it is an abuse of discretion to deny a motion to amend on the grounds of delay alone, even five years after the filing of a complaint.  *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973). Comparatively, Plaintiff is filed his motion before the parties have commenced discovery in this case. This reasonably prompt filing negates any suggestion of undue delay and facilitates efficient discovery and proceedings in this case. *Leighton*, 833 F.2d at 187 ("this suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay"). Additionally, Rule 15(a)(1) permits parties to amend a pleading to which a responsive pleading is required within "21 days after service of a responsive pleading." FED. R. CIV. P. 15(a)(1)(B). Plaintiff filed its FAC on August 2, 2021. (Dkt. No. 28.) Additionally, the Defense did not file their motion to dismiss regarding the FAC prior to Plaintiff's Motion for Leave to File the SAC. Therefore, Plaintiff's motion is timely and will not cause undue delay. Additionally, it is not futile.

## D.  Plaintiff's Proposed SAC Will Not Prejudice Defendants.

Avoiding prejudice should be a "major objective" for the Court in ruling on motions to amend. *Leighton*, 833 F.2d. Accordingly, the proposed SAC will not

THE LAW OFFICES OF FAHAD SHARIF, PC
18940 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

prejudice defendants. Prejudice may occur when newly added parties do not have time to "pursue and preserve the facts relevant to various avenues of defense" of the suit. *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984). Avoiding such "unjust delay" is important in deciding motions for leave to amend a pleading. *Leighton*, 833 F.2d at 187-88. ;  *Korn*, 833 F.2d at 1400. However, timely notice, whether formal or informal, is sufficient to allay such concerns. *Id.*

Here, there will be no unjust delay, and thus no prejudice to defendants or proposed defendants. Proposed defendants, DreamWorks SKG, a subsidiary of NBCUniversal learned of this lawsuit the same day as the other defendants. Proposed defendant Spielberg has an extremely close and friendly working relationship with Defendant Snider and the other defendants. Compl., ¶5-11. Both proposed defendants boast the same principal place of business address, 100 Universal City Plaza, Universal City, CA 91608, as Defendant NBCUniversal. Thus, notice has already been provided and additional service of proposed defendants will be almost instantaneously.

### E. Filing the Proposed SAC Is Not Futile.

To show that a proposed amended complaint would be futile, the opposing party must show that, taking the pleaded facts as true, its allegations fail to state a claim as a matter of law. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 1293 (9th Cir. 1983) (upholding denial of leave to amend when amendment to complaint "could not affect the outcome of th[e] lawsuit"); see also *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622-23 (9th Cir. 2004). Otherwise, a plaintiff "'ought to be afforded an opportunity to test [its] claim on the merits.'" *Leighton*, 833 F.2d at 188 (quoting *Foman*, 371 U.S. at 182). The addition of DreamWorks and Spielberg as defendants, if the allegations against them are taken as true, state a legally sufficient claim under the Copyright Act and are therefore not futile.

10

**F.  The Proposed Amendments Are Necessary and In Furtherance of Justice.**

On July 23, 2021, this court granted leave to amend Plaintiff's claim for copyright infringement to the extent it is based on any alleged infringement that occurred within three years from the date the Complaint was filed and to plausibly plead a nexus between defendants who produced the infringing film. (Dkt. No. 27.) On August 2, 2021, Plaintiff filed the FAC. (Dkt. No. 28.)

On August 6, 2021, Plaintiff provided his counsel with newly discovered potential evidence in the form of a mailing receipt from Plaintiff to proposed Defendant DreamWorks SKG ("DreamWorks"). Wilkerson Decl.,¶5. Plaintiff recently discovered the receipt while searching through old documents and files. Wilkerson Decl., ¶6. The receipt exhibits that DreamWorks SKG has and had its headquarters at 100 Universal City Plaza, Universal City, CA 91608, in 1993. *Id.* Thus, DreamWorks, who produced the subject infringing film, Bee Movie, shared the same physical address as Co-Defendant and current infringer NBCUniversal Media, LLC ("NBCUniversal"). DreamWorks SKG, owned by proposed defendant Steven Spielberg at the time the infringing film was produced. Sec. Amend. Compl., ¶9; Wilkerson Decl., ¶7. All additional changes to the proposed SAC are solely to plausibly allege a nexus between the Defendants in accordance with this Court's July 23, 2021 order. (Dkt. No. 27.)

Plaintiff seeks to amend the complaint because Plaintiff's counsel became aware of newly articulated facts suggesting the Defendants collectively infringed upon Plaintiff's copyright. Compl., Ex. 1.  Therefore, it is in the interests of justice to permit the proposed amendments.

IV.   <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court not grant the Defendants' Motion to Dismiss.

**PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

THE LAW OFFICES OF FAHAD SHARIF, PC
18960 VENTURA BLVD., SUITE 440
TARZANA, CALIFORNIA 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

1

2

3

4   Dated: August 25, 2021          **THE LAW OFFICE OF FAHAD SHARIF, PC**

5

6                                    By: _____

7                                        Roger L. Wilkerson, Esq.

8                                        Fahad Sharif, Esq.
                                         Attorneys for Plaintiff,
9                                        JOHN EVANS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Law Offices of Fahad Sharif, PC
18960 Ventura Blvd., Suite 440
Tarzana, California 91436
Telephone: (310) 361-5614; Facsimile: (310) 362-0434

**PLAINTIFF JOHN EVANS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**