UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EVANS,<br><br>    Plaintiff,<br>v.<br><br>NBCUNIVERSAL MEDIA, LLC *et al.*,<br><br>    Defendants. | Case No.: CV 21-0984-CBM-PD(x)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [29]** |

The matter before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Dkt. No. 29 (the "Motion").) Defendants filed an opposition to the Motion. (Dkt. No. 34.)[1]

## I.   BACKGROUND

This is a copyright infringement action filed by Plaintiff John Evans arising from the animated *Bee Movie* film. The Complaint, filed on February 4, 2021, asserted the following causes of action against Defendants NBCUniversal Media, LLC, Universal Pictures dba Universal City Studios, LLC, Jerry Seinfeld, and Stacey Snider (collectively, "Defendants"): (1) Copyright Infringement, 17 U.S.C. §§ 106 *et seq.*; (2) Unfair Competition; (3) Intentional Infliction of

---

[1] Plaintiff's reply was due on August 31, 2021 based on the noticed hearing date pursuant to Local Rule 7-10, but no reply was filed.

Emotional Distress; and (4) Negligent Infliction of Emotional Distress.  On July 23, 2021, the Court granted Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) and dismissed Plaintiff's claims follows:

> 1. The Court dismissed Plaintiff's copyright infringement claim (first cause of action) without leave to amend as time-barred to the extent it is based on any alleged infringement that occurred more than three-years from the date the Complaint was filed;
>
> 2. The Court dismissed Plaintiff's copyright infringement claim (first cause of action) based on any alleged infringement that occurred within three-years from the date the Complaint was filed for failure to state a claim with leave to amend additional facts as to the specific acts of infringement by each of the defendants, access, and the similarity of the works;
>
> 3. The Court dismissed Plaintiff's unfair competition claim (second cause of action) is without leave to amend as preempted by the Copyright Act and time-barred; and
>
> 4. The Court dismissed Plaintiff's intentional and negligent infliction of emotional distress claims (third and fourth causes of action) without leave to amend as preempted by the Copyright Act and time-barred.

(Dkt. No. 27 (the "Order").)  The Court ordered Plaintiff to file an amended complaint correcting the deficiencies identified in the Order as to Plaintiff's copyright infringement claim no later than August 3, 2021, and stated a failure to file an amended complaint by that date shall result in dismissal of Plaintiff's copyright infringement claim with prejudice.  (*Id.*)

On August 2, 2021, Plaintiff filed a First Amended Complaint ("FAC") asserting a single cause of action for copyright infringement.  (Dkt. No. 28.)  On August 9, 2021, Plaintiff filed the instant Motion seeking leave to file a second amended complaint ("proposed SAC").  (Dkt. No. 29.)[2]

## II. STATEMENT OF THE LAW

Federal Rule of Civil Procedure 15(a) provides "[t]he court should feely

---

[2] The Court's ruling on Defendants' Motion to Dismiss Plaintiff's FAC pursuant to Rule 12(b)(6), filed on August 16, 2021 (*see* Dkt. No. 30), is set forth in a separate order.

give leave" to amend "when justice so requires." Fed. R. Civ. Proc. 15(a). "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

**A.      Bad Faith and Undue Prejudice to Defendants**

Plaintiff argues the instant Motion to amend is brought in good faith and not for purposes of delay or to avoid an adverse judgment, and there are no facts in the record indicating that the motion has been filed in bad faith. Plaintiff also contends the proposed SAC will not prejudice the existing named defendants or the new defendants who are named in the SAC (DreamWorks SKG and Steven Spielberg). Defendants do not contend Plaintiff's Motion or Plaintiff's proposed SAC is brought in bad faith or for purposes of delay, nor argue they will suffer undue prejudice based on the filing of the SAC.[3] Therefore, these factors do not weigh against granting leave to amend.

**B.      Failure to Cure Deficiencies by Amendments Previously Allowed and Futility**

Defendants contend the proposed SAC would be futile because it fails to cure the three deficiencies identified by the Court in its Order granting Defendants' motion to dismiss Plaintiff's copyright infringement claim.

   **1.      Infringing Acts Within the 3-Year Statute of Limitations**

The Court previously found Plaintiff failed to allege any infringing act by any Defendants within the applicable three-year statute of limitations (*see* Order at

---

[3] Nothing was filed by proposed new defendants DreamWorks SKG and Steven Spielberg.

3

7:6-13). The Court noted "the Complaint does not allege any of the Defendants are or have been involved in the distribution or reproduction of the film or any particular infringing act that has occurred after the film's 2007 release or within the 3-year statute of limitations," and therefore dismissed "Plaintiff's copyright infringement claim based on any conduct within the three years from the date Plaintiff filed the complaint on February 4, 2021, with leave to amend additional facts, if any, regarding any particular acts of infringement by each defendant during the three-year limitations period." (*Id*. at 7:6-13.)

The proposed SAC includes the following allegations:

(1) "Currently, via multiple platforms such as Amazon, Netflix, and Microsoft X-box Movies Downloads, the infringing film entitled "Bee Movie" is still available for streaming and downloading. Collectively, DreamWorks, Stacey Snider, Jerry Seinfeld, Universal Filmed Entertainment Group, and the other potential Defendants are availing this infringing film without Mr. Evans' permission, for their own exploitation and profit via said third party streaming deals. Defendants failed to obtain Plaintiff's permission to use his copyright for all aforementioned third party licensing deals within three years the date this Complaint was filed, February 4, 2021." (Proposed SAC ¶ 37);

(2) "The entity Defendants individually and collectively have and had a duty to perform title searches prior to developing, releasing, and profiting from the infringing film entitled Bee Movie." (*Id*. ¶ 42);

(3) "On November 1, 2020, Plaintiff became aware of third party licensing deals related to the infringing film via Amazon Prime Video, Netflix, and Xbox Media Video Downloader." (*Id*. ¶ 43);

(4) "NBCUniversal, Jerry Seinfeld, and Stacey Snider's actions have deprived my client of his due share in profits, damaged his reputation, and unfairly injured his livelihood." (*Id*. ¶ 44); and

(5) "NBCUniversal Media, LLC, as the owner of the infringing film, failed to seek authorization, license, permission, or consent to use my client's creation has deprived him of his due share in profits, damaged his reputation and unfairly injured his livelihood." (*Id*. ¶ 45.)

While the proposed SAC alleges Defendants failed to obtain Plaintiff's permission to use his copyright "for all aforementioned third party licensing deals

4

within three years [sic] the date [sic] this Complaint was filed," it does not allege Defendants themselves licensed the *Bee Movie* film or entered into any other licensing deals with third parties. Moreover, while the proposed SAC adds generalized allegations that Defendants Seinfeld and Snider caused Plaintiff damage and NBCUniversal Media did not obtain Plaintiff's consent, authorization, permission, or a license to "use" Plaintiff's "creation" (*see id*. ¶¶ 44, 45), the proposed SAC does not allege any specific infringing conduct by Defendants during the three-year statute of limitations. Accordingly, the proposed SAC fails to cure the deficiencies identified in the Court's Order re: pleading additional facts regarding any particular acts of infringement by each defendant during the three-year limitations period.

        2.    **Access**

The Court previously found Plaintiff failed to plead access as to Defendants NBC Universal, Universal Pictures dba Universal City Studios, and Jerry Seinfeld, but sufficiently pled access with respect to Defendant Snider. (Order at 8:17-9:23.) As to Defendant Snider, the Court found the Complaint sufficiently alleged access "by alleging Plaintiff provided [Snider] with a copy of the screenplay and received a rejection letter from Snider." (*Id.* at 9:18-20.) With respect to Defendants NBC Universal Media and Universal Pictures dba Universal City Studios, the Court found the Complaint did not allege Defendants NBC Universal Media, Universal Pictures dba Universal City Studios worked on or released the allegedly infringing film, and noted the Complaint's allegations regarding Defendant Snider's mere receipt of Plaintiff's screenplay failed "to establish a nexus between these entity defendants . . . and DreamWorks Animation[4] in connection with the allegedly infringing film" and the Complaint "d[id] not allege any facts demonstrating that these entity defendants actually received Plaintiff's

---

[4] DreamWorks Animation is alleged to be the entity that released the *Bee Movie* film.

screenplay or worked on the infringing film." (*Id*. at 8:25-9:4.) As to Defendant Jerry Seinfeld, the Court found the Complaint alleges "on information and belief" that he is "credited as the main actor and writer who worked in conjunction with DreamWorks to develop the Infringing Film" (Compl. ¶ 8) but does not allege facts regarding any nexus between Defendant Seinfeld and Snider or that Seinfeld received Plaintiff's screenplay." (Order at 9:13-17.)

With respect to access, the proposed SAC alleges:

(1) "Defendant Snider, while employed at Universal, had an extremely close and working relationship with Defendant Spielberg, and other top representatives of Dreamworks, prior to her transition, including sending screenplays to other executives." (Proposed SAC ¶ 48);

(2) "Plaintiff previously mailed scripts to DreamWorks SKG headquarters located on the NBCUniversal lot." (*Id*. ¶ 49);

(3) "Defendants took the original creative concepts of Plaintiffs works in form and title, then attempted to create a copyright safe version born of Plaintiff's original work. Knowing this was wrong, Defendants attempted to use their subsidiary companies, which shared CEOs and physical office space on the Universal lot, to produce the infringing film, then later sold the infringing film and the subsidiary back to NBCUniversal Media, LLC in a way to launder the title to the copyright. The combination of Plaintiff's valid copyright, Defendant Snider's letter confessing access, plus the novel nature in which the Defendants attempted to circumvent contemporary copyright laws makes this a valid claim worthy of adjudication." (*Id*. ¶ 51).

"To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). "Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). The Ninth Circuit has found that "evidence that a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's

6

work is sufficient to establish access by the defendant." *Id.* at 995. However, "the dealings between the plaintiff and the intermediary and between the intermediary and the alleged copier must involve some overlap in subject matter to permit an inference of access," and "[b]are corporate receipt ..., without any allegation of a nexus between the recipients and the alleged infringers, is insufficient to raise a triable issue of access." *Id.* at 995-96 (noting a plaintiff "cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier").

Therefore, the proposed SAC's allegations that Defendant Snider had a "close" relationship with Spielberg and other DreamWorks representatives is insufficient, even taken as true, to show access. The proposed SAC does not allege Defendant Snider gave Plaintiff's copyrighted screenplay to the existing named Defendants or the proposed new defendants DreamWorks and Spielberg. Therefore, the proposed SAC fails to allege facts demonstrating a nexus between Snider and Defendants, DreamWorks, or Spielberg with respect to Plaintiff's screenplay.

As to DreamWorks, while the proposed SAC attaches a receipt of certified mail to "DreamWorks SKG" at 100 Universal City Plaza Bldg. #477, Universal City 91608 CA" from Plaintiff dated April 24, 1996 (proposed SAC Ex. 15), neither the mail receipt attached to the proposed SAC or the proposed SAC itself alleges what script was sent to DreamWorks SKG on that date. Elsewhere in the proposed SAC, Plaintiff alleges he received the copyright for his screenplay entitled "Bee Movie" on April 14, 1999, "[t]his was one of several literary works [Plaintiff] had written at the time, but the first animated screenplay," and "Plaintiff then began the process of submitting his script for 'Bee Movie' to numerous studios." (Proposed SAC ¶¶ 19, 22.) Therefore, the proposed SAC alleges Plaintiff did not begin sending the screenplay at issue in this case until after April 14, 1999. Thus, based on Plaintiff's allegations in the proposed SAC, the

unspecified "scripts" Plaintiff alleges he sent to DreamWorks on April 24, 1996 as reflected in the mail receipt attached to the proposed SAC could not have been Plaintiff's copyrighted screenplay at issue in this case. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations omitted).

As to Defendant Seinfeld, the proposed SAC fails to allege facts regarding any nexus between Seinfeld and Snider nor allege Seinfeld received Plaintiff's screenplay.

Accordingly, the proposed SAC fails to plead access as to Defendants NBC Universal, Universal Pictures dba Universal City Studios, and Seinfeld (and thus fails to cure the deficiencies identified by the Court regarding Plaintiff's failure to plead access as to these existing Defendants) and does not sufficiently plead access as to the new proposed Defendants DreamWorks and Spielberg as required to state a claim for copyright infringement.

    3.    **Substantial Similarity**

The Court previously found Plaintiff failed to allege any non-conclusory facts regarding substantial similarity between the works to state a claim for copyright infringement (Order at 10:3-19). The Court noted in its Order that the Complaint did not attach a copy of Plaintiff's copyright screenplay or Defendants' animated *Bee Movie* film, and "does not allege any specific details about the parties' works, and instead alleges general, conclusory allegations that 'Defendants' infringing film copied numerous copyrightable elements of Plaintiff's work precisely, including but not limited to the title and medium of the screenplay, dialogue, structure, themes, choices of shots, camera, angles, colors, lighting, textual descriptors, and other artistic and expressive elements of

8

Plaintiff's work' (Compl. ¶ 31), and 'Defendant's infringing film thus plagiarizes copyrightable elements of Plaintiff's proprietary work, and is either a copy thereof or a derivative work prepared therefrom' (*id*. ¶ 33)." (Order at 10:3-12.)

Here, while the proposed SAC attaches a copy of Plaintiff's copyrighted screenplay (*see* Proposed SAC Ex. 3), the proposed SAC includes only conclusory allegations regarding substantial similarity of the works. (*See* Proposed SAC ¶ 40 (alleging "[t]he Defendants' infringing film copied numerous copyrightable elements of Plaintiff's work precisely, including but not limited to the title and medium of the screenplay, dialogue, structure, themes, choices of shots, camera, angles, colors, lighting, textual descriptors, and other artistic and expressive elements of Plaintiff's work"); *id*. ¶ 42 (alleging "[t]he Defendant's infringing film thus plagiarizes copyrightable elements of Plaintiff's proprietary work, and is either a copy thereof or a derivative work prepared therefrom"); *id*. ¶ 51 (alleging "Defendants took the original creative concepts of Plaintiffs works in form and title, then attempted to create a copyright safe version born of Plaintiff's original work").) Therefore, Plaintiff fails to allege nonconclusory facts regarding substantial similarity of the works to state a claim for copyright infringement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, Plaintiff's proposed SAC does not cure the deficiencies identified in the Court's Order dismissing Plaintiff's copyright infringement claim. Moreover, because the proposed SAC fails to state a claim for copyright infringement as to any named defendant and the two new proposed defendants, Plaintiff's proposed amendment would be futile.

### IV. CONCLUSION

While the bad faith and undue prejudice factors do not weigh against granting leave to amend, the failure to cure deficiencies by amendments previously allowed and futility factors weigh against granting leave to amend. Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to File Second

9

Amended Complaint. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend") (citations omitted).[5]

**IT IS SO ORDERED.**

DATED: September 30, 2021.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[5] *See also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."); *Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 927-29 (C.D. Cal. 2004) (denying plaintiff's motion to amend, reasoning "[t]he futility of the proposed amendment precludes the Court from granting leave to amend").