**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN EVANS,

Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC *et al.*,

Defendants.

Case No.: CV 21-0984-CBM-(PDx)

**ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) [30] [JS-6]**

The matter before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6). (Dkt. No. 30 (the "Motion").)

## I. BACKGROUND

This is a copyright infringement action filed by Plaintiff John Evans arising from the animated *Bee Movie* film. The Complaint, filed on February 4, 2021, asserted the following causes of action against Defendants NBCUniversal Media, LLC, Universal Pictures dba Universal City Studios, LLC, Jerry Seinfeld, and Stacey Snider (collectively, "Defendants"): (1) Copyright Infringement, 17 U.S.C. §§ 106 *et seq*. (Direct, Contributory, Vicarious); (2) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 *et seq*. and common law); (3) Intentional Infliction of Emotional Distress; and (4) Negligent Infliction of Emotional

Distress. On July 23, 2021, the Court granted Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) and dismissed Plaintiff's claims as follows:

1. The Court dismissed Plaintiff's copyright infringement claim (first cause of action) without leave to amend as time-barred to the extent it is based on any alleged infringement that occurred more than three-years from the date the Complaint was filed;

2. The Court dismissed Plaintiff's copyright infringement claim (first cause of action) based on any alleged infringement that occurred within three-years from the date the Complaint was filed for failure to state a claim with leave to amend additional facts as to the specific acts of infringement by each of the defendants, access, and the similarity of the works;

3. The Court dismissed Plaintiff's unfair competition claim (second cause of action) without leave to amend as preempted by the Copyright Act and time-barred; and

4. The Court dismissed Plaintiff's intentional and negligent infliction of emotional distress claims (third and fourth causes of action) without leave to amend as preempted by the Copyright Act and time barred.

(Dkt. No. 27 (the "Order").) The Court ordered Plaintiff to file any amended complaint correcting the deficiencies identified in the Order as to Plaintiff's copyright infringement claim no later than August 3, 2021, and stated a failure to file an amended complaint by that date shall result in dismissal of Plaintiff's copyright infringement claim with prejudice. (*Id.*) On August 2, 2021, Plaintiff filed a First Amended Complaint ("FAC"), which asserts a single cause of action for copyright infringement against Defendants. (Dkt. No. 28.)[1]

## II. STATEMENT OF THE LAW

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

---

[1] The Court's ruling on Plaintiff's Motion for Leave to File Second Amended Complaint, filed on August 9, 2021 (*see* Dkt. No. 29), is set forth in a separate order.

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). The court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice.[2] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

Defendants move to dismiss the FAC on the grounds Plaintiff fails to plausibly allege 1) any infringing acts by any Defendant during the 3-year statute of limitations; 2) Defendants had access to Plaintiff's screenplay; and 3) Plaintiff's screenplay and the *Bee Movie* film are substantially similar.

### A. Infringing Acts Within the 3-Year Statute of Limitations

A copyright claim must be "commenced within three years after the claim accrued," 17 U.S.C. § 507(b), which occurs "when a party discovers, or reasonably should have discovered, the alleged infringement." *Oracle Am., Inc. v.*

[2] Defendants request that the Court take judicial notice of the *Bee Movie* film, which is the allegedly infringing work at issue in this action. Although the film is not attached to the FAC, it is incorporated by reference in the FAC. Accordingly, the Court denies Defendants' request for judicial notice as moot because the Court may consider the *Bee Movie* film under the incorporation by reference doctrine.

*Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020). The Court previously found Plaintiff failed to allege an infringing act by any of the Defendants within the applicable three-year statute of limitations (Order at 7:6-13). The Court noted the Complaint alleged "[o]n November 1, 2007, [Plaintiff] became aware of the animated film released by DreamWorks" (Compl. ¶ 3) which "copied numerous copyrightable elements of Plaintiff's work" (*id.* ¶ 31), but "the Complaint d[id] not allege any of the Defendants are or have been involved in the distribution or reproduction of the film or any particular infringing act that has occurred after the film's 2007 release or within the 3-year statute of limitations," and therefore dismissed "Plaintiff's copyright infringement claim based on any conduct within the three years from the date Plaintiff filed the complaint on February 4, 2021, with leave to amend additional facts, if any, regarding any particular acts of infringement by each defendant during the three-year limitations period." (*Id.* at 7:6-13.)

Here, the FAC includes the following new allegations:

1. "Currently, via multiple platforms such as Amazon, Netflix, and Microsoft X-box Movies Downloads, the infringing film entitled "Bee Movie" is still available for streaming and downloading. Collectively, DreamWorks, Stacey Snider, Jerry Seinfeld, Universal Filmed Entertainment Group, and the other potential Defendants are availing this infringing film without Mr. Evans' permission, for their own exploitation and profit." (FAC ¶ 36);

2. "The entity Defendants individually and collectively have and had a duty to perform title searches prior to developing, releasing, and profiting from the infringing film entitled Bee Movie and failed to do so." (*Id.* ¶ 44); and

3. "On November 1, 2020, Plaintiff became aware of third party licensing deals related to the infringing film via Amazon Prime Video, Netflix, and Xbox Media Video Downloader." (*Id.* ¶ 45.)

The FAC, however, does not allege Defendants entered into any licensing deals with third parties regarding the allegedly infringing film, nor allege any specific infringing conduct by Defendants during the 3-year statute of limitations.

Therefore, the FAC fails to plead additional facts regarding any particular acts of infringement by each defendant during the three-year limitations period as ordered by the Court. *See* 17 U.S.C. § 507(b). Accordingly, the FAC fails to state a claim for copyright infringement.

**B. Access**

With respect to access, the FAC alleges "[d]uring the production of the infringing film, DreamWorks' primary place of business was on the Universal lot [located in Universal City, CA]" (FAC ¶ 30, Ex. 7), "Defendant Snider maintained an office on the same aforementioned lot" (*id.* ¶ 31), and "the entity Defendants shared CEOs and physical addresses giving access to Plaintiff's animated screenplay for Bee Movie" (*id.* ¶ 31). Defendants argue the exhibits attached to the FAC contradict Plaintiff's allegations that DreamWorks Animation (who produced the *Bee Movie* film) shared a physical address with other defendants at the Universal lot in Universal City because the exhibits demonstrate DreamWorks Animation was and continued to be located in Glendale, California.[3]

The FAC alleges "[f]rom 2005 to 2007, DreamWorks produced the animated infringing film entitled Bee Movie." (FAC ¶ 26.) Exhibit 8 attached to the FAC states DreamWorks Animation "is based in Glendale, California," "DreamWorks Animation originated as a division of DreamWorks SKG, a company founded in 1994 by Steven Spielberg, Jeffrey Katzenberg, and David Geffen," "[i]n 2004 DreamWorks spun off DreamWorks Animation as an independent company, and Katzenberg stayed on as chief executive officer," and "[i]n August 2016 the corporation was acquired by NBC Universal." (FAC Ex. 8.) However, Exhibit 8 to the FAC does not state DreamWorks Animation has always been located in Glendale, California. Therefore, Exhibit 8 does not

[3] *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (on a motion to dismiss, court is not "required to accept as true allegations that contradict exhibits attached to the Complaint").

necessarily contradict the FAC's allegations that DreamWorks Animation and the entity defendants shared the same place of business.

Defendants also argue the FAC nevertheless fails to sufficiently allege access because it does not include any allegations that Defendant Snider provided a copy of Plaintiff's copyrighted screenplay to any of the other defendants. Here, the FAC includes a new allegation that "[b]ased on admission, public knowledge, and simple searches of 'publicly accessible websites' that [sic] Co-Defendant Snider, DreamWorks Pictures, DreamWorks Animation, its affiliated companies, its owners and Co-Defendant NBCUniversal have significant overlap as pertains to both personal friendships and professional relationships, including "not-so discreet backroom discussions between Stacey Snider, Steven Spielberg and Comcast for Snider to take a top post at Universal Pictures." (FAC ¶ 33.) The FAC also alleges "[o]n November 11, 2020 Plaintiff received a reply from Ms. Emily Birdwhistell in which she stated she was in-house litigation counsel for NBCUniversal Media, LLC, Universal Pictures, a division of Universal City Studios LLC, DreamWorks Animation, LLC ("DreamWorks"), and all related entities (collectively herein, "NBCUniversal"). . . Ms. Birdwhistell represented herself as an agent of all of Co-Defendant NBCUniversal's aforementioned affiliated subsidiaries, indicating a relationship between all the related entities." (*Id.* ¶ 46.) However, the FAC does not allege Snider provided the other defendants with Plaintiff's screenplay or that the other defendants worked on the allegedly infringing film. Therefore, the FAC's allegation that DreamWorks Animation was located at the same lot, allegations regarding "personal friendships" and "professional relationships" between Snider and the other defendants, and the speculative and conclusory allegation regarding a "relationship" between the Defendants based on their representation by the same attorney is insufficient to establish access. *See Loomis v. Cornish*, 836 F.3d 991, 995-96 ("[T]he dealings between the plaintiff and the intermediary and between

the intermediary and the alleged copier must involve some overlap in subject matter to permit an inference of access," "[b]are corporate receipt ..., without any allegation of a nexus between the recipients and the alleged infringers, is insufficient to raise a triable issue of access," and a plaintiff "cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier").[4]

With respect to Defendant Seinfeld, the FAC alleges Seinfeld "is credited as the main actor and writer who worked in conjunction with DreamWorks to develop the infringing film" (FAC ¶ 8), Seinfeld is listed in the writer credits of the infringing film and the "[d]evelopment notes of the project state the clearly false claim that the film is 'Based on an original idea by Jerry Seinfeld'" (*id.* ¶ 27) and "Seinfeld was the credited writer of the infringing film" (*id.* ¶ 28). However, the FAC does not allege facts regarding any nexus between Defendant Seinfeld and Snider, or that Seinfeld ever received Plaintiff's copyrighted screenplay.

Accordingly, the FAC fails to plead access as to Defendants NBC Universal, Universal Pictures dba Universal City Studios, and Jerry Seinfeld.[5]

**C. Substantial Similarity**

The Court previously found Plaintiff failed to allege any non-conclusory facts regarding substantial similarity between the works to state a claim for copyright infringement (Order at 10:3-19). As to substantial similarity, the FAC alleges:

> 1. "The Defendants' infringing film copied numerous copyrightable elements of Plaintiff's work precisely, including but not limited to the title and medium of the screenplay,

---

[4] *See also Washington v. ViacomCBS, Inc.*, 2020 WL 5823568, at *3 (C.D. Cal. Aug. 20, 2020); *Panton v. Strong*, 2018 WL 5099666, at *2-*3 (C.D. Cal. Mar. 14, 2018); *Johnson v. Knoller*, 2017 WL 5640554, at *2 (C.D. Cal. Sept. 18, 2017).

[5] The Court previously found the Complaint sufficiently alleged access as to Defendant Snider. The FAC also sufficiently alleges access as to Snider because it alleges Plaintiff sent Snider his screenplay and Plaintiff received a rejection letter from Snider regarding his screenplay. (*See* FAC ¶¶ 22, 23.)

> dialogue, structure, themes, choices of shots, camera angles, colors, lighting, textual descriptors, and other artistic and expressive elements of Plaintiff's work." (FAC ¶ 39); and
>
> 2. The Defendant's infringing film thus plagiarizes copyrightable elements of Plaintiff's proprietary work, and is either a copy thereof or a derivative work prepared therefrom." (*Id.* ¶ 41.)

Plaintiff does not identify any similarity between any protectable elements of the works. Therefore, the FAC fails to allege any non-conclusory facts regarding substantial similarity between the works to state a claim for copyright infringement. *See Evans v. McCoy-Harris*, 2019 WL 1002512, at *3-4 (C.D. Cal. Jan. 4, 2019); *Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024, at *5 (C.D. Cal. July 11, 2017).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff fails to state a claim for copyright infringement. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint **without leave to amend**.[6]

**IT IS SO ORDERED.**

DATED: September 30, 2021.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

[6] The Court previously granted Plaintiff leave to amend, and Plaintiff's proposed Second Amended Complaint does not plead sufficient facts to state a claim for copyright infringement. (*See* Order re: Plaintiff's Motion for Leave to File Second Amended Complaint.)